## G. KRUEGER v. J. KRUEGER.

### No. 2608.

**Acknowledgment Relieving Claim from Limitation.** — An acknowledgment to relieve a claim from the operation of the statute of limitations must contain an unqualified admission of a just subsisting indebtedness and express a willingness to pay it. See a letter held insufficient.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion states the case.

*C. K. Bell,* for appellant, cited Rev. Stats., art. 1198; Coles v. Kelsey, 2 Texas, 541; Erskine v. Wilson, 20 Texas, 81; Mitchell v. Clay, 8 Texas, 443; Webber v. Cochrane, 4 Texas, 36; Erskine v. Wilson, 27 Texas, 118; Smith v. Fly, 24 Texas, 353.

*Robson & Rosenthal,* for appellee.—The court did not err in overruling appellant's general and special demurrer. The letters written by appellant to his father, appellee in this cause, were written in response to letters from appellee addressed to him in reference to this particular indebtedness. Appellant acknowledged in his letters the justness of this debt and promised to pay the same. Appellee did not rely on the garbled statements contained in appellant's brief, and we invite the court's attention to appellant's letter in which he says: "Dear Father—You sent me a note, that I don't sign. I will pay you some every year, but I sign no more papers, for I think it is just as good without, because we all know how we stand." We invite the court's attention to the letters of appellant and appellee contained in the transcript, and solicit a careful examination thereof. Coles v. Kelsey, 2 Texas, 541; 24 Texas, 345; 8 Texas, 443; 29 Texas, 80; 1 Ct. App. C. C., sec. 373; Rev. Stats., art. 3219.

ACKER, PRESIDING JUDGE.—Appellee brought this suit on the 14th day of May, 1888, against appellant, in the District Court of Fayette County, and alleged in his petition that the defendant resided in Hamilton County, Texas, and that on the 1st day of January, 1880, the defendant executed and delivered to him his promissory note, set out in the petition as follows:

"2061.                             ROUND TOP, January 1st, 1880.

"We the undersigned or either one of us promise to pay to the order of John Krueger, in the town of Round Top, Fayette County, Texas, the sum of two thousand and sixty-one dollars, Amr. coin, with interest from date at the rate of ten per cent per annum, interest payable annually, for value received. It is further provided that we are to pay any and all expenses, including attorney's fees, should the collection of the note be made by an attorney.

                                                    "G. KRUEGER."

It was further alleged that the defendant, in a letter written by him to plaintiff in regard to his indebtedness on the 10th day of August, 1887, admitted the justness of the debt and promised to pay it. The letter is as follows:

                                    "HAMILTON, 10th August, 1887."

"*Dear Father*—I have done my best to raise some money, but I can not do it now, because the little money which I had yet I bought wheat for, which was cheap still; I bought it at 68 cents yet, and then hauled 40 miles; and corn for feed I must also buy, because that is very slim here, as rain was wanted; cotton too don't look the best. But some money we will send you, but not all, because we must live first, and that in Brenham we must pay too; that was hard lick for us. Dear father, you sent me a note that I don't sign. I will pay you some every year, but whenever I can; but I sign no more papers, for I think it is just as good without, because we all know how we stand; but you must be satisfied with what you will get every year, for I will do whatever I can.    *    *    *

                                                    "G. KRUEGER."

The defendant pleaded his privilege of being sued in the county of his residence, and claimed that while the original note was payable in Fayette County it was barred, and the suit was on the alleged admission and promise contained in defendant's letter of August 10, 1887, which did not stipulate for payment in Fayette County.

The defendant interposed the same defense by special exception, and also specially excepted on the ground that the note set out in the petition was barred by the four years statute of limitation, and that "the letter sued on as a new promise does not show any promise to pay any certain sum of money, nor does it show any acknowledgment of the justness of any demand of plaintiff against defendant."

The plea and exceptions were overruled, and the trial without a jury

resulted in judgment for plaintiff for principal, interest, and attorney fees, according to the terms of the note.

Under proper assignment of error it is contended that the court erred in holding that defendant's letter to plaintiff was sufficient to take the barred note out of the statute of limitation; and this is the only question we think it necessary to consider.

It is conceded that the original debt was barred. Where a debt is barred the new promises relied on must acknowledge the justness of the claim and express a willingness to pay it. Coles v. Kelsey, 2 Texas, 555.

An acknowledgment which will take a debt out of the bar of the statute of limitation must be clear and unequivocal, and neither qualified by conditions nor limitations. McDonald v. Grey, 29 Texas, 83; Dickinson v. Lott, 29 Texas, 173; Maddox v. Humphreys, 24 Texas, 196; Smith v. Fly, 24 Texas, 353. Considered in the light of these authorities we think it too clear for argument that the letter relied on by plaintiff to take the barred note out of the operation of the statute of limitation is not sufficient for that purpose. It does not contain a clear, unequivocal, and unconditional acknowledgment of the justness of plaintiff's demand, nor does it contain an expression of a willingness to pay.

We think it settled by the authorities *supra* that the acknowledgment, to relieve the claim from the operation of the statute of limitation, must contain an unqualified admission of a just subsisting indebtedness and express a willingness to pay it. If the expression of a willingness to pay is coupled with conditions, it devolves upon the plaintiff to prove that the named conditions have taken place. Leigh v. Linthecum, 30 Texas, 103.

We think the court below erred in its construction of the letter from defendant to plaintiff, and are of opinion that its judgment should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted January 21, 1890.