## CAMPBELL v. WYATT. (No. 1038.)

(Court of Civil Appeals of Texas. El Paso. Dec. 11, 1919. Rehearing denied Jan. 8, 1920.)

1. TRIAL ⊜⟶178—PEREMPTORY CHARGE ON ISSUE OF INDEBTEDNESS DOES NOT PRECLUDE FINDING OF LIMITATIONS.

In action by assignee of claim for real estate commission, a peremptory instruction to find that $500 of such commission was unpaid did not preclude court from finding for defendant on the issue of limitations.

2. LIMITATION OF ACTIONS ⊜⟶148(3)—INDEFINITE PROMISE OF INVESTIGATION NOT ACKNOWLEDGMENT OF INDEBTEDNESS OR PROMISE TO PAY.

Defendant's letter, in answer to request for payment of agent's commission, stating his impression that claim had been paid, promising to search his records and get the matter straightened out and requesting agent to think the matter over, was not such acknowledgment of indebtedness or new promise to pay as to lift the bar of limitations.

3. LIMITATION OF ACTIONS ⊜⟶104(2) — NO FRAUDULENT CONCEALMENT SHOWN AVOIDING LIMITATIONS.

In action by assignee for agent's commission where defendant set up limitations and that he had assumed agent's indebtedness to bank in equal amount, there was no mistake or fraudulent concealment avoiding plea of limitations, where there was no diligence on part of plaintiff or his assignor to learn whether latter's indebtedness to bank had been credited with amount of commission.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Duncan Campbell against John M. Wyatt. Judgment for defendant, and plaintiff appeals. Affirmed.

Jno. T. Hill, of El Paso, for appellant.
Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellee.

WALTHALL, J. This was a suit brought by Duncan Campbell, appellant, against John M. Wyatt, appellee, praying for a money judgment for the sum of $750. The claim sued upon was for a commission on the sale of real estate earned and agreed to be paid by Wyatt to William Moeller. Moeller made an assignment of the claim to appellant, Campbell.

The questions presented here arise on appellee's plea of the statute of limitation of two years and appellant's answer thereto. The uncontroverted testimony shows that about July, 1915, Wm. Moeller earned a commission of $750 from Wyatt on the sale of real estate, and during that month Moeller, in writing, requested Wyatt to pay $500, the balance due on said commission, to the First National Bank to be applied on an indebtedness of Moeller at said bank. In September, 1918, Moeller made an assignment to Campbell of his claim of $750 against Wyatt. In August, 1918, after Moeller had been sued by the bank and he had ascertained that such credit had not been given him on his indebtedness at the bank, and after some conversation with Wyatt in reference thereto, Wyatt wrote to Moeller the letter following:

"El Paso, Tex., Aug. 18, 1918.

"Wm. Moeller, City—Dear Sir: In the search for data on commission you claim I owe on Latter deal beg to say I find your original letter but can't locate anything else throwing light on the subject.

"Certainly I have been under the impression that this was paid and it struck me like a 'thunderbolt.' I have been sick for several weeks and am compelled to get away for eight or ten days vacation. Upon my return will institute search through records of the trade and my vouchers and get the matter finally straightened out. In the meantime think over the matter and let me know if after this letter some questions of rent or amount I paid Latter was not in settlement of this. I know I paid Latter some money after deal was closed and can't recollect why.

"Sincerely,          John M. Wyatt."

It was admitted by counsel for Wyatt that in April, 1915, there was a $750 commission due Moeller from Wyatt, but in July, 1915, on the date of a letter from Moeller to Wyatt requesting Wyatt, as vice president of the First National Bank, to credit his (Moeller's) account at the bank with $500, there was $500 of the commission then due. It is claimed by appellant that the above-quoted letter of Wyatt took the claim out of the operation of the statute of limitation of two years.

After the evidence heard, the court instructed the jury as follows:

"Gentlemen of the jury, you are requested to return your answer to the following question:

"Question No. 1. What part of the $750.00 originally due from Wyatt to Moeller has not been paid to Moeller? You are instructed to answer this question, $500.00."

The jury returned a verdict as above instructed.

Answering appellee's plea of limitation, appellant, by supplemental petition, pleaded that his assignor, Moeller, in 1915, was in-

debted to the First National Bank of which Wyatt was one of its officers, and requested Wyatt to pay said $750 to said bank on said indebtedness, and at all times believed that said amount had been so paid, and that so believing until August, 1918, Moeller had refrained from demanding payment of said sum; that through concealment, oversight, or mistake, Wyatt failed to credit said sum on said indebtedness; that after said discovery of said concealment, oversight, or mistake, and that said credit had not been made, Moeller made the assignment of said claim to him; that said facts as pleaded suspended the operation of the statute of limitation.

Wyatt answered that in September, 1918, he had notice of the assignment of the claim to appellant, but that in 1915, on Moeller's request that he pay the unpaid balance of said claim amounting to $500 to the bank, he agreed to pay to the bank the said sum as directed, pleaded his indebtedness in said amount to the bank, and that by reason thereof he was not and had not been indebted to Moeller since 1915.

On the issues so joined, appellant presented and requested the court to give his three special charges submitting the issues of mistake, concealment by Wyatt of his failure to credit Moeller on his indebtedness to the bank, and the exercise of sufficient care on the part of Moeller to ascertain that said credit had not been given on his said indebtedness to the bank. The court refused each of said charges, and on motion of Wyatt rendered judgment for appellee.

Appellant presents four assignments of error.

The first assigns error in not rendering judgment in his favor.

The second asserts the proposition that—

"The court had no authority to set aside the verdict of the jury that was rendered in favor of the appellant, and render judgment in favor of appellee."

The third assignment claims error "in refusing to render judgment on the verdict of the jury for the plaintiff because the issues raised by the pleadings were all determined in favor of the plaintiff."

The fourth assignment (but numbered 3) is that—

"The court erred in refusing to give special requested charge of plaintiff Nos. 1, 2, and 3, in effect that defendant fraudulently concealed and by mistake failed to disclose that he (defendant) had not given Wm. Moeller credit as directed," and that Moeller "exercised such care as an ordinarily prudent person would have exercised."

[1] Appellant, evidently, misconceives the meaning and effect of the special charge given by the court to the jury. The issue was made in the pleading whether Wyatt had or had not paid to Moeller any part of the $750 commission, and from the evidence offered the court instructed the jury to find that $500 of the commission had not been paid to Moeller. The court really submitted no issue to the jury for their finding. As said by the Supreme Court in Walker v. Haley, 214 S. W. 295, the charge being peremptory was not a charge at all in any true sense, but only the means of giving effect to the sustaining of a demurrer to the evidence; and which, if erroneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof. The charge, we think, could not be construed to mean, as claimed, that the unpaid $500 of the original commission was not subject to the plea of limitation.

[2] The letter from Wyatt to Moeller does not contain such acknowledgment of the indebtedness, or such new promise as to remove the bar of the statute of limitation. Gathright v. Wheat, 70 Tex. 740, 9 S. W. 76. The question, then, of error in the court's refusal to submit the tendered special charges, would depend upon the evidence offered to sustain the facts submitted.

[3] We find in the record no evidence of mistake or fraudulent concealment by Wyatt from Moeller of anything having reference to the transaction. Moeller never made inquiry of Wyatt or any one at the bank as to whether a credit had been given him on his indebtedness at the bank. The letter from Moeller to Wyatt discloses that $500 of the commission was to be entered as a credit on his indebtedness at the bank, and both Wyatt and Moeller so testified, and without an inquiry from Moeller either of Wyatt or of some one at the bank, whose duty it was to enter such credit, we can see no reason why Wyatt should further advise Moeller in the matter of the entry, and especially in view of the uncontradicted evidence of Wyatt that he had agreed and so promised to pay the $500 to the bank. We find in the record no evidence of any diligence on the part of Moeller to ascertain whether such credit had been given him at the bank, although his indebtedness had not been discharged, and he seems to have had every opportunity to know whether such credit had been given.

We think the court was not in error in refusing to submit to the jury any of the special issues.

Finding no reversible error, the case is affirmed.