## WETZEL v. ANDERSON & LUNDBERG.
(No. 8026.)

Court of Civil Appeals of Texas. San Antonio.
June 13, 1928.

Rehearing Denied July 18, 1928.

1. **Appeal and error** &#x269E;544(1)—**Appellate court cannot consider objections to court's actions on petitions and evidence, where record contains no bills of exceptions.**

Court of Civil Appeals cannot consider any objections to court's actions respecting original, amended, or supplemental petitions and admission or rejection of evidence, where record contains no bills of exceptions.

2. **Limitation of actions** &#x269E;148(1), 149(1)—**Acknowledgment of justness of barred claim must be express, specific, and unconditional (Rev. St. 1925, art. 5539).**

Acknowledgment of justness of claim must be express, specific, and unconditional, to take it out of operation of statute of limitations, under Rev. St. 1925, art. 5539.

3. **Limitation of actions** &#x269E;148(3)—**Debtor's letter, stating that "amount you are talking about is all rot," but that whatever is due will be paid, held insufficient to take claim out of statute (Rev. St. 1925, art. 5539).**

Debtor's letter to creditor, stating that he would show latter checks not shown by his record, and that "the amount you are talking about is all rot," but that "whatever is due you must and will be paid," *held* insufficient to take claim out of statute of limitations, as acknowledgment of justness thereof, under Rev. St. 1925, art. 5539.

4. **Limitation of actions** &#x269E;149(1)—**To renew barred debt, new promise must contain unqualified admission of, and express willingness to pay, debt.**

In order for a new promise to eliminate limitations and renew a debt already barred, it must contain an unqualified admission of a subsisting indebtedness, and express a willingness to pay it.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action by Anderson & Lundberg against Nat Wetzel. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Lewis Wood, of Houston, for appellant.
A. B. Crane, of Raymondville, and G. R. Whitley, of San Benito, for appellees.

FLY, C. J. This is a suit to recover the sum of $1,725.35, alleged by appellees, as plaintiffs, to be due them for board and lodging by appellant. The latter set up limitation of two years, both through an exception and by plea. The cause was submitted to a jury on special issues, and judgment was rendered in favor of appellees

for $2,126.77, as principal and interest of the debt, and an attachment lien was foreclosed on 63 acres of land in Cameron county; the jury having found that appellant was indebted to appellees in that sum.

[1] This suit was filed on September 24, 1926, and declared on an open account for board and lodging due for October, November, and December, 1920, the whole of the years 1921, 1922, and 1923, and for the months of January and February, 1924. The original petition showed on its face that the account was barred by two years' limitation. The record does not disclose that the court passed on any exceptions to the original, amended, or supplemental petitions, and, of course, this court cannot consider any objections to actions of the court not indicated by the record. Neither is this court in a position to consider the admission or rejection of any evidence, the record not containing a single bill of exceptions. The rulings of the court on the questions of which complaint is made do not appear otherwise in the record.

The question of limitations is, we think, raised by the brief of appellant. The account as declared on being barred by limitation of two years, on the face of the petition, appellees sought to avoid the force and effect of the plea of limitations by setting up a promise in writing to pay the debt evidenced by the account. To sustain that allegation they introduced in evidence the following letter written by appellant:

"Nat Wetzel, Raymondville, Texas.

"Rio Grande Valley, Feb. 15—24.

"Mr. A. Lundberg—Dear Sir: I was much surprised when we went to our room to find, your dirty, contemptible act by putting some of our goods out in the hall. Now, I want you to show this letter to your wife, and tell her, whenever she wants to know what you said about her and her sister, I will tell her; do you understand?

"So far as what I owe you, this won't make any difference, for whatever it is I am going to pay, and yesterday sent you a check for rent; when we found what you had done, we brought the check back.

"I have always worked for you and your place, and when I came there you were not needing many rooms; a very few went a long ways; this very room and the old furniture in it I painted and cleaned myself; not even a tramp would have used it.

"And I want you to know, regardless of all I have done for you, there never was a time that I didn't fully appreciate all you did. While I was out spending all of my money trying to pull the old town out, you sit by grabbing off a dollar whenever it came along. And had not the work and expense been done that was done your old trap would still be empty.

"Some of these days you and I will settle and I will show you checks you have had that your record don't show, and I will show you, too, that the amount you are talking about is all

rot; however, whatever is due you must and will be paid.

"I left the screen door, stove and pipe, electric light fixtures, and if you don't want them throw them out in the hall, like you did our clothes, and I well send for them.

"And now let me tell you again, if I hear one word that you have said, I will take steps to close that place, or you will bring it up to the requirement of the state law for hotels. You have knocked and talked until I am going to stop it.

"Yours truly, Nat Wetzel."

[2] It is declared in article 5539, Rev. Stats. 1925 (old number 5705):

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

To be an acknowledgment under the statute, it must be express, specific, and unconditional. Gathright v. Wheat, 70 Tex. 740, 9 S. W. 76; Campbell v. Wyatt (Tex. Civ. App.) 217 S. W. 743; Powers v. Schubert (Tex. Civ. App.) 220 S. W. 120; Bean v. Threshing Machine Co. (Tex. Civ. App.) 221 S. W. 634; Wade ·v. Sheehan (Tex. Civ. App.) 226 S. W. 444. In the last case the defendant wrote a letter in which he said, "I owe you something," and the letter was held insufficient to arrest the statute.

[3] The letter written by appellant to appellee Lundberg does not admit the correctness of any portion of the account, and, while stating that whatever he owed he intended to pay, his last statement was:

"Some of these days you and I will settle, and I will show you checks you have had that your record don't show, and I will show you, too, that the amount you are talking about is all rot; however, whatever is due you must and will be paid."

There is a direct repudiation of the account as presented by appellees, and an expression of willingness to pay some undisclosed sum on the account. It was an expression of a desire to settle some undetermined amount, and was not sufficient to take the claim out of the reach of the statute of limitations. Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217.

[4] In order for a new promise to eliminate limitations and renew the debt already barred, it must contain an unqualified admission of a subsisting indebtedness and express a willingness to pay the same. Krueger v. Krueger, 76 Tex. 178, 12 S. W. 1004, 7 L. R. A. 72. In the case last cited the letter was more explicit in its expressions of a desire to pay than those in the letter in this case,

but the Supreme Court held that it did not halt the statute, and held that the claim was barred by limitations.

The case is not well briefed by appellant, but there is sufficient to raise the question of limitations.

The judgment is reversed, and judgment here rendered that appellees take nothing by their suit and pay all costs in this behalf expended.