**CHANDLER et al. v. ALAMO MFG. CO. et al.**

No. 8846.

Court of Civil Appeals of Texas. Austin.

April 17, 1940.

Rehearing Denied May 22, 1940.

Wilkinson & Wilkinson, of Brownwood, for appellants.

McGillivray Muse, of Dallas, for appellees.

BLAIR, Justice.

The limitation questions presented by this appeal arose as follows:

Appellee Alamo Manufacturing Company is a Texas corporation engaged in the manufacture of ice cream and other creamery products. Eighty per cent. of its stock is owned by Mrs. Lizzie C. Lee and her children, and twenty per cent. is owned by her brother, Sam J. Chandler, and his wife, Mrs. Edith S. Chandler. The building used by the Alamo Company to carry on its business is owned, one-half by Mrs. Lee, and the Chandlers claim the other one-half is owned by Mrs. Chandler as her separate property.

On January 19, 1938, the Chandlers sued the Alamo Company, alleging that it was indebted to Mrs. Chandler for rents due on her one-half interest in the building, covering a period from December 5, 1929, to July 31, 1935, aggregating the sum of about $3,000, and sought to foreclose a landlord's lien on all of the machinery and physical properties of the Alamo Company.

The defendant corporation interposed, among others, the defense that the indebtedness sued for was barred by the two and four-year statutes of limitations; which defense was sustained by the court trying the case without a jury, and judgment was accordingly rendered for appellee Alamo Company.

Appellants contend that the statutes of limitations plead are not operative against the cause of action asserted by Mrs. Edith S. Chandler, because of the following reasons or grounds:

1. That since the rents sued for are the separate property of Mrs. Chandler through gift of her husband, and since she is a married woman, the statutes of limitations are not operative against her cause of action.

2. That even if the rents sued for be regarded as community property, then, since the rents are due from the separate property of Mrs. Chandler, of which the law makes her sole manager, and since she has been at all times involved a married woman, the statutes of limitations are not operative against her cause of action for such rentals.

3. That in any event, the letters of the manager of appellee Alamo Company, plead by appellants, constituted an acknowledgment of the justness of the rentals sued for and an implied promise to pay same, and therefore bar of the statutes of limitations was removed.

■■ With respect to the first question presented, the trial court expressly found that the rents from the property were community property, and that there was no gift by Sam J. Chandler of his community interest in the rentals sued for to his wife, Edith S. Chandler, so as to make such rentals a part of her separate estate. Appellants did not by specific proposition attack this finding as not being supported by evidence. However, in argument in support of the claim that the rentals are the separate property of Mrs. Chandler, appellants assert that the undisputed evidence showed them to be so. We find that the evidence supports the finding of the trial judge that there was no gift of the rentals to Mrs. Chandler, but that if there was any such gift it was of rentals that had accrued and after the limitation statutes had begun to run against the claim for rentals. On this subject, Chandler testified that he and his wife entered into an agreement back in 1910, at or before their marriage, whereby they agreed that all rentals from their separate property should become the property of the owner of the separate property. This agreement, of course, was void and of no effect because of the rule that the husband and wife cannot change the character of community property to separate property before the property involved has come into existence. Gorman v. Gause, Tex.Com.App., 56 S.W.2d 855, 856; Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090. Mr. Chandler deeded the building to his wife in 1922, and he testified that he gave his wife all of the rents thereafter accruing; and that he considered the rents thereafter accruing to her as her separate property, merely because she owned the building; that the rents were not turned over to his wife, but that they were merely considered hers because she was the owner of the building. They both testified that they did not know that rents from the separate properties of the spouses constituted community property. A note was taken for a part of the rents in the name of Mr. Chandler, and shows to have been indorsed by him apparently for the purpose of hypothecating it, and later it was indorsed by him to his wife. The trial court found that the ink of this indorsement was much newer than that of the other indorsement, and showed to have been made after this cause of action for such rentals had accrued. The testimony of both the husband and wife showed that neither of them knew that the rentals from the separate property of the wife constituted community property. From this testimony the trial court concluded that it did not coincide with their testimony given later, that they had made an agreement that the rentals from the separate property of the wife constituted her separate property.

■■ Mr. Chandler also testified that he gave the monthly rentals due to his wife each month after the rents became payable. Thus it is shown that if he gave the rents to his wife prior to the time they accrued, the gift was void because he could not give her the rents before they accrued. If he gave them to her after the rents had accrued, then the statute of limitations had already begun to run against them at the time they were given to her. The rule is settled that a husband and wife do not have the power to agree in advance of the existence of community property to make it the separate property of either spouse.

Davis v. Davis, Tex.Civ.App., 108 S.W.2d 681, 685; Grounds v. Sloan, 73 Tex. 662, 11 S.W. 898; San Antonio Real-Estate Bldg. & Loan Ass'n v. Stewart, 27 Tex. Civ.App., 299, 65 S.W. 665; 28 Tex.Jur., 241. See, also, Art. 5544, which provides that: "And, when the law of limitation shall begin to run, it shall continue to run, notwithstanding any supervening disability of the party entitled to sue or liable to be sued." Hoencke v. Lomax, 55 Tex.Civ. App. 189; 118 S.W. 817.

Nor do we sustain the second contention of appellants that if the rents sued for be regarded as community property, then since they were due from the separate property of Mrs. Chandler, of which the law makes her the sole manager, and since she has been at all times a married woman, the statutes of limitations do not run against her. It is true that Art. 4614, as amended in 1929, Vernon's Ann.Civ.St. art. 4614, and Art. 4616 provide that the wife shall have the sole management and control of her separate property, both real and personal, and that neither the separate property of the wife, nor the rents from the wife's separate real estate, etc., shall be subject to the payment of debts contracted by the husband, nor for torts of the husband. But these statutes do not give the wife the management and control of the rents and revenues from her separate property, as did the statutes of 1913, Chap. 32, which provision of the 1913 Act was omitted by the codifiers of the 1925 R.S. The fact of this omission was in part explained by the Supreme Court in the case of Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, wherein it was held that the attempt of the legislature to define the wife's separate property contrary to that provided for in the Constitution would be illegal; and in consequence, by Act of 1929, the legislature amended Art. 4614 to return the rents of the separate property to the community, and made no provision for their separate control, but left the general provisions giving the husband control of the community property under normal circumstances in effect. Pottorff v. J. D. Adams Co., Tex.Civ.App., 70 S.W.2d 745, error refused.

■■ It is the general rule in this state that a suit to recover rents and revenues from the wife's separate property must be brought by the husband, or he must join his wife in her suit therefor, except under the circumstances which the statute authorize the wife to bring a suit alone. None of these exceptions applies in the instant case. In consequence, the statutes of limitations run against the cause of action for rents accruing on the wife's separate property just as it would run against any other community claim.

■■ It is true that Art. 5535 provides that if a person entitled to bring any action mentioned in this subdivision of the title be at the time the cause of action accrues either a minor or married woman, etc., "the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

This statute is inapplicable because if a married woman cannot bring a suit to recover a community claim for rents and revenues to her separate property, then she cannot assert her disability of coverture so as to preclude the operation of the limitation statute. It is also clear from a reading of the statutory language quoted that the actions mentioned in the statute are purely personal actions of the wife or minor, and do not relate to her interest in the community estate.

■■ We also sustain the finding of the trial judge that the instruments of writing relied upon by appellants as removing the bar of limitations do not contain an acknowledgment of the justness of the rental claim, nor any promise to pay it by appellee Alamo Company; consequently the bar of the statute was not removed.

Appellants introduced a letter written by Mrs. Chandler to the appellee Alamo Manufacturing Company, which is as follows:

"Alamo Mfg. Co.,

"Brownwood, Texas.

"Att. - Mr. R. T. Hanna, Mgr.

"Dear Sirs:

"This letter will refer to the matter of delinquent rent due by you on my half interest in the building which you occupy.

"I will appreciate very much if you can and will pay me part of the delinquency at this time, as I have to raise money at this time to pay taxes and other dues.

"In view of the fact that the past due rent runs back over a long period, and in order that my records of the account may

be verified, I shall appreciate if you will give me a statement of the account as reflected by your books and tell me when you will be able to liquidate, or start liquidating the account.

"Yours truly,

"Mrs. Edith S. Chandler."

"610 6th St.,
"San Antonio.
"Dec. 13, 1937."

To which the Alamo Manufacturing Company, by R. T. Hanna, manager, replied, as follows:

"Brownwood, Texas,
"Dec. 14, 1937.

"Mrs. Edith S. Chandler,
"510 6th St.,
"San Antonio, Texas.
"Dear Mrs. Chandler:

"This will acknowledge receipt of your letter of the 13th inst., in regard to a payment on the past due rent.

"It is with regret that we are unable to comply with your request & make payment at this time.

"However, the financial condition of the company will not permit it, but the matter will be brought before the meeting of the stockholders at the January meeting, and you will be advised of their action.

"In regard to the inquiry as to the amount of this past due indebtedness, our books show two items, as follows: One note for $696.00, and an open account of $1443.38. These accounts are principal, and include no interest. Trusting that the above information is what you desired, we are,

"Very truly yours,

"Alamo Mfg. Co.
"R. T. Hanna, Mgr."

And then after the meeting in January, 1938, Mr. Hanna again wrote a personal letter to the Chandlers, and advised them as follows: "As I promised you, the matter of payment as requested was brought before the meeting but no action was taken, in fact, the only action taken at all was the reelection of the same officers and directors as before."

These letters did not acknowledge the justness of the debt sued for, because they mention only two items, aggregating about $2,000, whereas appellants sued for three items, aggregating about $3,000. Nor did the letters contain any promise to pay the rents or any part of them. To the contrary, the general manager expressly stated that he was not passing on the matter, but would submit it to the board of directors at their January meeting; and after that meeting he called attention to the fact that the matter had been called to the attention of the board of directors and that they had taken no action thereon. The record also shows that at the time the letters were written the Chandlers knew, according to the testimony and the finding of the trial court, that the principal stockholder, Mrs. Lizzie C. Lee, of the Alamo Manufacturing Company, who was also its vice-president, was asserting that such claim for rentals was barred by the two and four-year statutes of limitations. Not only did the letters in question state that the debtor was unable to pay the claim, but that the matter would be referred to the stockholders. The record also shows in this connection that there was ill feeling as between Mrs. Lee and her brother, Sam Chandler, and his wife, Edith, concerning the operation of the business in question; that Mr. Hanna as manager was not attempting to exercise any control, except to operate the business. That he tried to steer clear of any controversy as between the parties is shown by his letters; and in consequence we do not think they constitute an acknowledgment of the justness of the claim in writing and a willingness to pay it. The rule is well settled that when a debt is barred the new promise relied upon must acknowledge the justness of the claim and express a willingness to pay it. It must be clear and unequivocal, and neither qualified by conditions nor limitations. The letters in question do not contain a clear and unequivocal acknowledgment of appellants' demand, nor do they contain any expression of willingness to pay the debt. Or, if it should be held that the letters acknowledged the debt in part, they did not embody any unconditional promise to pay. The following authorities sustain our conclusion: Smallwood v. Melton, Tex.Civ.App., 97 S.W.2d 781, writ refused; Shackelford v. Neilon, Tex. Civ.App., 100 S.W.2d 1037; Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004, 7 L.R.A. 72; Lefebure Corp. v. Wallace, Tex.Civ.App., 114 S.W.2d 614; Rappmund v. Zaiontz, Tex.Civ.App., 137 S.W.2d 870.

We are also of the view in this connection that Mr. Hanna had no authority as general manager of the Alamo Company to acknowledge for it the justness of this debt and to promise to pay it. The evi-

dence sufficiently supports the finding of the trial judge that he was only the manager for the purpose of operating the enterprise, somewhat as a go-between between the parties amongst whom ill feeling existed.

Our above conclusion that the rents sued for are barred by the statutes of limitations plead, renders unnecessary an adjudication of the priority of the asserted landlord's lien and the mortgage lien of the First National Bank of Brownwood, on the machinery and physical properties of the Alamo Company, which lien was asserted in a separate suit by the bank, but consolidated with this suit.

The judgment of the trial court will be affirmed.

Affirmed.