## LUCK v. RIGGS OPTICAL CO., Consolidated.

### No. 14175.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1941.

Rehearing Denied April 4, 1941.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellant.

Phillips, Trammell, Estes, Edwards & Orn and Edwin T. Phillips, Jr., all of Fort Worth, for appellee.

BROWN, Justice.

Appellant, Dr. L. H. Luck, was a customer of appellee, Riggs Optical Company, Consolidated, a corporation, and had purchased merchandise from such company over a period of years. One portion of

the open account created between the parties shows items beginning with January, 1933, and running on and up to December 7th, 1934. These items aggregate $385.01, and appellant never paid same. They were incurred while appellant lived in Galveston, Texas. Having moved to Fort Worth, Texas, appellant purchased items aggregating $251.77. These last purchases are not in dispute, in this case. Appellee demanded payment and appellant, in reply, wrote the following letter:

"April 7th, 1938

"Mr. Roy D. Wetmore, President,

"Riggs Optical Company,

"Chicago, Ill.

"Dear Sir:

"We ask that you kindly furnish us with an itemized statement of our February account and purchases made on order before the 17th day of March, 1938, which date we were cut off by your branch manager, Mr. Palmer, and not March 9th, 1938, as you stated.

"Our records show that our February account totals $172.83, and the purchases made and on order up till the 17th day of March total $42.82, making a total of $215.65, for which amount we will send you a check on, when we receive a statement itemized, so that we can check our records.

"Will you also please send us an itemized statement of our Galveston account which has been carried separately from the time we bought thru your Galveston branch office. Our records do not show the total you billed on April 4th, 1938, of $390.74. Our records show $366.16.

"We cannot check our records which may be incorrect until we receive these accounts itemized separately as they have been carried.

"Thanking you for your kind and prompt attention I remain, Very Truly Yours,

"L. H. Luck."

Appellant made no payment whatever and appellee, in 1939, brought suit setting forth the new account in the sum of $251.-77, as Exhibit A, and the old, or "Galveston", account in the sum of $385.01, as Exhibit B, and specially pleaded that appellant, by and through the above quoted letter of April 7th, 1938, and another letter (written by appellant's wife), not necessary to quote here, had made "an unequivocal and unqualified acknowledgment to plaintiff of the existence of such debt or debts to the amount of $366.16", and further pleaded, "that such written acknowledgment contained no expression or indication that defendant was unwilling to pay the debt so acknowledged."

Appellant denied generally and pleaded the two year statute of limitations to the old, or "Galveston", account.

The cause was tried to a jury and all issues submitted in connection with letters purported to have been written by, or for, Dr. Luck, and the authority of Dr. Luck's wife to write the same, were answered against the plaintiff's contentions.

It was admitted that Dr. Luck wrote the letter of date April 7th, 1938.

On motion of plaintiff for judgment notwithstanding the verdict, the court first rendered judgment for plaintiff for the $251.77 (which was not contested), "with legal interest thereon from due date", and "judgment non obstante veredicto, in the further sum of $366.16, together with legal interest thereon from due date." This judgment is dated March 29th, 1940.

After the term of court at which this judgment was rendered, the plaintiff made a motion to amend the judgment and to enter judgment nunc pro tunc, properly showing the dates from which interest is made to run, the motion being filed April 24th, 1940, and notice thereof was given the defendant by registered mail.

On May 10th, 1940, the trial court sustained the motion to correct and amend the judgment and the trial court rendered judgment for plaintiff for $251.77, with 6% interest from January 1st, 1939, and for $366.16, with legal (or 6%) interest from January 1st, 1935.

From the amended judgment the appeal is taken by Dr. Luck.

■ It is first contended that the amendment called for a judicial act and not a mere clerical correction. We do not believe the contention is well taken.

The statute which empowers the trial court to correct its judgments, Art. 2229, Vernon's T.C.S., specifically refers to "any omission or mistake, miscalculation or misrecital of a sum or sums of money", and the judgment before us which was amended awarded the plaintiff a certain sum, "together with legal interest thereon from due date", and another certain sum, with the same words as to interest.

We believe that, under the statute, above quoted from, the trial court had the power

to correct the judgment, so as to show what rate of interest was intended and the dates that the trial court had in mind as the "due dates".

We do not believe that we are in conflict with such cases as Arrington et al. v. McDaniel et al., 119 Tex. 148, 25 S.W.2d 295 (Com. of App'ls. adopted by the Sup. Crt.).

■ The next contention is that the hearing on the motion to amend was had without proper and legal notice.

The statute (Art. 2229, Vernon's T.C.S.) provides for "reasonable notice".

We believe that the notice given by registered mail, received a reasonable time before the hearing of the motion, which hearing was attended by the defendant, who then and there made due objection and a formal protest, constituted such a notice as is contemplated by the statute.

■ On the question of limitations, we do not believe that the letter relied upon to take the "old, or Galveston account" out of the statute of limitations (Art. 5526, Vernon's T.C.S.) is such that it meets the requirements of Article 5539 (Vernon's T.C.S.), as laid down by the authorities.

In connection with the barred account, the debtor used this language: "Will you also please send us an itemized statement of our Galveston account which has been carried separately from the time we bought thru your Galveston branch office. Our records do not show the total you billed on April 4th, 1938, of $390.74. Our records show $366.16.

"We cannot check our records which may be incorrect until we receive these accounts itemized separately as they have been carried."

If it can be said that this letter constitutes an acknowledgment of the justness of the account to the extent of $366.16, we are unable to find where there is expressed a willingness to pay it.

■ In Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004, 1005, 7 L.R.A. 72, the Texas rule is stated: "That the acknowledgment, to relieve the claim from the operation of the statute of limitations, must contain an unqualified admission of a just, subsisting indebtedness, and express a willingness to pay it."

The authorities on the question before us are well reviewed by Mr. Justice Grissom, speaking for the Eastland Court of Civil Appeals, in Poe v. Poe, 118 S.W.2d 831, writ refused.

Furthermore, we find the following pronouncement in the Krueger case, supra: "If the expression of a willingness to pay is coupled with conditions, it devolves upon the plaintiff to prove that the named conditions have taken place."

There is no expression of a willingness to pay the debt in the letter before us, and such a willingness must be implied, if it is to be read into the letter. Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604.

■ We do not find that the willingness to pay is implied, but if it is admitted that the implication is there, for sake of further discussion, then we find that there is a controversy over the items charged and the aggregate amount "as billed" by the creditor, and no admission of the correctness of even the debtor's records.

If there is an implied promise to pay any specific amount, then there is a condition imposed: namely, that the creditor send the debtor an itemized statement, to the end that the debtor may check the account and ascertain the correct amount. The fact remains that when the creditor brought suit, he did not sue for either of the amounts the debtor claims the creditor demanded.

The plaintiff below did not plead that the condition was met, or, as the Supreme Court has said, has taken place.

The Krueger case has been consistently followed by the Supreme Court and the intermediate Appellate Courts.

■ We are of opinion, and so hold, that the trial court erred in rendering judgment for appellee on the "old, or Galveston account", in the sum of $366.16. If we should be mistaken in so holding, we are further of the opinion that, even though the trial court be warranted in rendering judgment on the "old account", because of the letter pleaded and in evidence, nevertheless such court had no authority to give judgment for interest upon the "old account", computed as is required for open accounts. The cause of action must rest upon the new promise to pay, and interest should have been computed from such date.

The letter, if sufficient to toll the statute, transformed the debt from an open account into a promise in writing to pay and would be effectual to preserve the debt for four years from the date of the letter. If this

be true, it only seems just to us that such a revived debt bear interest from the date of its revival.

What we have just said is not necessary to a disposition of this cause, but we felt constrained to say it, in the event it should be held that the letter relied upon revived the barred debt.

The judgment, insofar as it awards a recovery for appellee in the sum of $270.-47, is by us undisturbed, but the judgment insofar as it awards a recovery for appellee in the further sum of $481.26, is reversed and judgment is here rendered that appellee take nothing as against appellant by reason of such items and account.