A. L. ANDREE, Appellant,

v.

EDWARDS DRILLING COMPANY, Appellee.

No. 16518.

Court of Civil Appeals of Texas.

Fort Worth.

April 17, 1964.

Rehearing Denied May 22, 1964.

Peery & Wilson, and Don B. Morgan, Wichita Falls, for appellant.

Rodgers & Stephens, and T. J. Rodgers, Graham, for appellee.

RENFRO, Justice.

As plaintiff, A. B. Edwards, sole owner of Edwards Drilling Company, recovered a judgment on an open account against A. L. Andree. The account was based on cleaning out work done on oil wells on Gray Brothers lease in Gray County.

In his appeal Andree contends there was no evidence and insufficient evidence to sustain a finding that he contracted with Edwards for the labor and services involved, and that the court erred in holding the two year statute of limitation was tolled as to the part of the debt incurred two years before suit was filed.

Plaintiff was in the oil well servicing business. In May of 1960, as a result of a telephone call, the work in question was begun, and the account was set up in the name of A. L. Andree.

Invoices were sent to Andree. Statements were regularly sent to Andree. After three or four months had elapsed and the account had not been paid, plaintiff talked to Andree on the telephone and he "* * told me he would try to take care of it or a part of it in a few days * * *." In another five or six months Mr. Andree agreed "that he would pay us $100 a month for three months and at the end of three months he would take care of the balance of the bill, which he did send $100 in a few days." Two months later plaintiff called Andree again and he sent another $100. The above mentioned payments were by checks, signed by Miller and Banks, with the words, "Please credit account of A. L. Andree", typed on the face of both checks.

Plaintiff never received any more payments on the account.

Miller and Banks were well operators. The evidence does not show them to have been operators of the Gray Brothers lease wells in 1960 when plaintiff performed the services involved.

Andree told plaintiff he "was operator of the lease and he paid the bills for the lease." Defendant never told plaintiff anyone else was responsible for the account and never denied that he was responsible therefor.

Sometime in May of 1962, plaintiff again talked to defendant by telephone. Defendant told him he was unable to do anything at that time and would write a letter to plaintiff stating what he would be able to do or willing to do about the balance owing on the account. Defendant told plaintiff he owed the debt and was making an effort to pay it, or wanted to make arrangements to pay it.

Soon after the last telephone conversation, plaintiff received from defendant the following instrument, signed and sworn to by defendant:

"Edwards Drilling Company
"P. O. Box 1140
"Graham, Texas

"Gentlemen:

"On June 6, 1960 and July 7, 1960, the Edwards Drilling Company of Graham, Texas, performed certain services to help operate the oil and gas lease covering the following described land in Gray County, Texas, to-wit:
"All of the North Half (N/2) of the Northwest Quarter (NW/4) of Section 102, Block B–2, H&GN Ry. Co. Survey.
"I recognize that the invoices covering the above mentioned services amounts to $1,515.35 is still due and unpaid.
"I further recognize and agree that you have now a valid materialman's lien on said lease and the right to fix the same by filing such lien of record in Gray County, Texas.

"In consideration of your not filing such lien at this time I agree that such lien may be filed by you at any time within 60 days of this date, and when filed it will be regarded as having been filed within the time required by law, even though it may have been actually filed more than six months after the 6th day of June and the 7th day of July, 1960, compliance with the law with respect to the date of filing being hereby waived; and, if you prefer, you may file this agreement in the Lien Records of Gray County, Texas, and it will be and of all the force and effect as if such lien were filed in accordance with law.
"Witness my hand this the 24th day of May, 1962.

"A. L. Andree"

Defendant did not appear as a witness to testify in his own behalf; hence, the testimony of plaintiff is uncontradicted.

■ In an action on an account, as in other cases, the bar of the statute may be removed by an acknowledgment in writing by the defendant of the validity of the plaintiff's claim. 1 Tex.Jur.2d 293, § 36.

■ In Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604, it was said: "We understand the rule to be that, 'This new promise need not be expressed in the writing, but may be implied from what is written.' 'An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness.' York v. Hughes (Tex.Com. App.) 286 S.W. 165; Coles v. Kelsey, 2 Tex. 541, 47 Am.Dec. 661; Howard v. Windom, 86 Tex. 560, 26 S.W. [483] 485; Stein v. Hamman [118 Tex. 16] (Tex.Com. App.) 6 S.W.(2d) 352 (certified question opinion adopted)."

The above rule was approved in Poe v. Poe, Tex.Civ.App., 118 S.W.2d 831; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Beeler v. Harbour, Tex.Civ.App., 116 S.W.

2d 927; Standard Surety & Casualty Co. v. Wynn, Tex.Civ.App., 172 S.W.2d 789; Luck v. Riggs Optical Co., Tex.Civ.App., 149 S.W.2d 204; Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004, 7 L.R.A. 72.

■ Defendant regularly received monthly statements showing the account was charged to him. The statements were itemized as to exact services, when rendered and amount charged. By numerous telephone conversations with plaintiff he acknowledged the debt and did arrange to have $200 paid on the account. He knew plaintiff was looking to him and to him alone to pay the account. According to plaintiff's uncontradicted testimony, defendant promised several times to pay the account.

With that background, defendant executed the instrument above set out. We believe the instrument is sufficient to toll the statute. The evidence is also sufficient to support the trial court's judgment that defendant is personally liable for the debt.

Judgment affirmed.