**STATE of Texas, Appellant,**

v.

**WILLIAMSON–DICKIE MANUFACTURING COMPANY, Appellee.**

**No. 16699.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 4, 1966.

Rehearing Denied March 4, 1966.

Waggoner Carr, Atty. Gen. of Texas, and Hawthorne Phillips, T. B. Wright, J. C.

Davis, and W. O. Shultz, and Owen Wade Anderson, Austin, for appellant.

Brown, Herman, Scott, Young & Dean, and A. M. Herman, Fort Worth, for appellee.

LANGDON, Justice.

Suit was filed by the Attorney General of Texas in the name of the State upon the relation of Jesse James, State Treasurer, pursuant to Article 3272a, Vernon's Ann. Tex.Civ.St., to escheat certain personal property held by six holders, one of which was Williamson-Dickie Manufacturing Company, hereinafter referred to as appellee. The State of Texas has appealed only as to that portion of the judgment which denied recovery against appellee. The property in question consists of unclaimed wages. The case was tried to the court without a jury. Appellee plead that causes of action of its former employees were barred by the two and four year statutes of limitation. The trial court sustained this plea in spite of the fact that appellee, through its treasurer, admitted the justness of the indebtedness at the time it occurred and the current ledger sheets showing these wages as liabilities were introduced into evidence. Judgment was entered sustaining the plea of limitations and denying escheat of these unclaimed wages.

At appellant's request the court made and filed findings of fact and conclusions of law as follows: All checks for the unclaimed wages were issued more than seven (7) years prior to the suit and such claims against appellee were barred by the four year statute of limitation; that since the claims of persons listed would be barred in the hands of the original holders thereof, the State cannot succeed to a more favorable position and thus limitation applies to it also.

The list containing the names, addresses and the amount of unclaimed wages held by the appellee is true and correct.

The parties listed (with one exception) did not at any time make demand or request for payment of such claims and none of such claims for unpaid wages has been paid.

Each of the payroll checks issued to the persons listed had a provision stamped thereon that it would not be honored if presented for payment at appellee's bank thirty days after its issuance. Appellee's bank was instructed to the same effect.

The appellee did not at any time agree or promise in writing or otherwise that it would pay such claims after the limitation period had run, nor did it in any way or manner, either by word of mouth or by its conduct, waive its right to invoke the plea of limitation as a bar to the recovery of the debts due the wage earners. Appellee did not issue any oral or written directive to pay such claims and in particular did not promise to pay same after the period of limitation had run. Thus it did not acknowledge such debts were due and owing nor make any new promises, oral or written, to pay the debts due. It did not waive its right to plead the statute of limitation.

The State can acquire only such rights as the owners of the claims possessed. A debtor-creditor relationship existed between the appellee and persons listed opposite unclaimed wages.

Based upon our examination and study of the entire record, we are of the opinion that there is ample evidence in support of the findings of the court and its judgment.

This Court must indulge every presumption in favor of the trial court's findings and its judgment. Harden v. Federal Farm Mortgage Corporation, 223 S.W.2d 39 (Galveston Civ.App., 1949, no writ hist.); Taylor v. Austin, 221 S.W.2d 933 (Galveston Civ.App., 1949, no writ hist.); City State Bank in Wellington v. Wellington I. S. Dist., 173 S.W.2d 738 (Amarillo Civ. App., 1943, approved by 142 Tex. 344, 178 S.W.2d 114, 1944); see also Rule 296, Texas Rules of Civil Procedure, and cases cited.

The case at bar is identical with the facts of the case of Southern Pacific Transport Company v. State, 380 S.W.2d 123 (Houston Civ.App., 1964, ref.). In that case, as in the present case, the action was brought by the state to escheat unclaimed wages which had accrued to former employees. The defendant in that case pleaded that the two year and four year statutes of limitation had barred the action. The court, speaking through Justice Werlein, said: "We are of the opinion that when the claims in question became barred, the right to plead the statutes of limitation in the suit brought thereon became vested in appellant and that the State could not divest appellant of such right by escheating the claims in question, nor by its escheat laws lift the bar of limitation which had accrued in favor of appellant. Article 1, § 16, of the Texas Constitution provides: 'No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.' It is our view that the proper interpretation of such provision as it affects appellant's vested right to plead the statutes of limitation was announced by our Supreme Court in Mellinger v. City of Houston, 1887, 68 Tex. 37, 3 S.W. 249, as follows: ' " * * * or if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition, and would therefore be wholly inoperative." '

"In Wilson v. Work, 1933, 122 Tex. 545, 62 S.W.2d 490, the Court, in a per curiam opinion, stated: 'In this connection it is the settled law that, after a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as a defense. Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447; Grigsby v. Peak, 57 Tex. 142; 9 Tex.Jur. p. 534, § 100. We here refer to 9 Tex.Jur. pp. 527 to 535, and

notes, for general discussion of vested rights and retroactive laws.' "

Application for writ of error in Southern Pacific Transport Company v. State, supra, was refused by the Supreme Court. The appellant attempts to distinguish the case at bar because the Southern Pacific case was determined on a motion for summary judgment and no evidence was offered or otherwise before the court raising any issue in avoidance of the plea of limitation.

In Southern Pacific Transport Company v. State, it was further stated: "There is no express provision in the laws of Texas which abrogates appellant's right to plead limitation as against enforcement of claims which are barred before escheated, nor is there any implied exception of which we are aware. In the early case of Gautier v. Franklin, 1847, 1 Tex. 732, Judge Hemphill, in speaking for the Court, said: 'Prescription by which an end is put at some time to litigation is founded upon the highest considerations of public policy * * *

" 'Such laws should be regarded with favor by courts of justice, and receive such interpretation * * * as would defeat the mischief intended to be suppressed, * * *.'

"In Continental Supply Co. v. Hutchings, Tex.Civ.App., 267 S.W.2d 914, error ref., the court said: 'Statutes of limitation are now generally regarded with favor by the courts, are to be construed as other statutes, and their application is not to be evaded by implied exceptions. Davis v. Howe, Tex. Com.App.1919, 213 S.W. 609.' See also Robin v. Ely & Walker Dry Goods Co., Tex.Civ.App., 137 S.W.2d 164, error ref.; Mott v. Riddell, Tex.Com.Ct.1880, 2 Posey 107; Sherman v. Sipper, 1941, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263."

The appellant relies primarily on the opinion in Small v. Lang, 239 S.W.2d 441, 444 (Fort Worth Civ.App., 1951 Ref., n. r. e.), in which it was held that, "The books of the company introduced in evidence show that no credits were entered to appellant's account subsequent to 1944 and while appellant admits that subsequent to 1944 his salary was paid by Wolf & Klar Wholesale Company, nevertheless he insists in his deposition that he bought goods for Wolf & Klar and worked for all of the Wolf & Klar Companies. We are of the opinion that the admission by appellee Lang of the debt and the introduction of the books in evidence showing a balance due to the appellant would remove the bar of limitations."

In our opinion the case of Small v. Lang, supra, has no application to the facts of this case. In that case there was a credit balance shown on the books of the company which represented an undivided interest in a profit-sharing agreement which had been vested and was supported by letter in writing to that effect. Here each check issued to an employee showed on its face that it was void after thirty days from date of issuance. Additionally, the bank on which said checks were drawn was instructed by the appellee not to cash a payroll check presented thirty days after its issuance.

The testimony of Mr. Bush, treasurer of appellee, shows that every act on the part of appellee was to negative any acknowledgment of the debts or a promise to pay same once they were barred by the statutes of limitation. The names and addresses of former employees and the number of the check originally issued to each were placed in a ledger marked "unclaimed wages", which contained the names of employees for a period as far back as 1943. In order to read into the record of this case the acknowledgment of the debt as a just obligation or a promise to pay, one must indulge in a presumption that the unclaimed wages ledger book was a current book of account used daily to record unpaid wages and treated as an asset of the company in the preparation of its annual financial statements. There is no testimony in this record to support such a contention. On the contrary the ledger which is currently maintained for unpaid wages is used for the purposes of making returns to the Comptroller of Public Accounts, pursuant to Article 3272a, V.A.

T.S. and for the information of the appellee in event stale checks or claims for unpaid wages are presented to it for payment.

There was testimony that in event such claims or stale checks were presented for payment before two years and the claimant or check could be identified from the ledger that payment would be made, but that no claim presented two years from date would be honored.

An acknowledgment to relieve claims from the operation of a statute of limitation must contain an unqualified admission of a just, subsisting indebtedness and express a willingness to pay it. Luck v. Riggs Optical Co., 149 S.W.2d 204 (Fort Worth Civ.App., 1941, no writ hist.). The appellant did not prove an unqualified admission of the justness of the debt in writing or a willingness to pay same. The appellant failed to allege a state of facts which would avoid the statutes of limitation. The proof offered by it would not suffice even had the necessary elements been alleged.

All points of error are overruled and the judgment of the trial court is affirmed.