**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**W. H. APPELL et al., Appellees.**

No. 15268.

Court of Civil Appeals of Texas, San Antonio.

May 1, 1974.

Rehearing Denied June 5, 1974.

Lloyd, Lloyd, Ellzey & Lloyd, Alice, for appellant.

Perkins, Davis, Oden & Warburton, Alice, for appellee.

KLINGEMAN, Justice.

Appellant, Travelers Insurance Company, appeals from a summary judgment entered against it in favor of appellees, W. H. Appell, Olmos Operating Company, Appell Drilling Company and Texam Corporation, and a take-nothing judgment entered against it in favor of appellee, Appell Petroleum Corporation. The trial pertaining to the take-nothing judgment was before the court without a jury. No findings of fact or conclusions of law were requested of or filed by the trial court. The parties will be hereinafter referred to as they were designated in the trial court.

On October 7, 1968, Travelers Insurance Company filed suit against W. H. Appell, Appell Petroleum Corporation, Olmos Operating Company, Appell Drilling Company and Texam Corporation, complaining of a debt of $230,049.56, allegedly incurred in connection with insurance purchased by the defendants from plaintiff. Defendants filed an answer: (1) specifically excepting to plaintiff's failure to specify the time and manner in which such sum became due; (2) denying that defendants, W. H. Appell, Olmos Operating Company, Appell Drilling Company and Texam Corporation ever purchased any insurance from plaintiff; (3) asserting that any sums sought are barred by the Statute of Limitations; and (4) a general denial. Defendants also filed a motion for summary judgment and in support thereof attached an affidavit of W. H. Appell in which he states: (1) that he is the president of Appell Petroleum Corporation; that he is also an individual defendant and is also the president of Olmos Operating Company and Texam Corporation and was the president of Appell Drilling Company which no longer is in business; (2) that plaintiff issued several policies of insurance to Appell Petroleum Corporation only, all of which policies expired as of January 1, 1965; (3) that neither he, Olmos Operating Company, Appell Drilling Company or Texam Corporation owe any sums of money whatsoever to plaintiff; (4) that apparently the sums asserted are in connection with two policies issued to Appell Petroleum Corporation; (5) that the sums asserted apparently arose as the result of retroactive adjustments; and (6) that the suit filed therein was filed on October 7, 1968, and that the premium charges asserted are barred by the Statute of Limitations in that the cause of action originated more than two years prior to the filing of the suit. Several letters in connection with such policies are attached to such affidavit.

Plaintiffs thereafter filed their First Amended Original Petition in which they reduce their demand to $29,117.10, asserting that defendants and each of them are indebted to plaintiff in such sum, and that the defendants have admitted in writing the correctness of such amount. Plaintiff also filed a Second Amended Original Pe-

tition which is basically the same as the First Amended Original Petition except that in addition to its claim of $29,117.10, it also asserts that the defendants are additionally indebted to them in the sum of $4,598.00, making a total of $33,715.10. A hearing was held on such motion for summary judgment, and the trial court granted said motion as to four defendants, W. H. Appell, individually, Olmos Operating Company, Appell Drilling Company and Texam Corporation, but overruled the motion as to Appel Petroleum Corporation. No severance was ordered. This judgment was appealed to this Court by plaintiff; and under date of September 28, 1971, this Court dismissed such appeal for want of jurisdiction. See Travelers Insurance Company v. Appell, 471 S.W.2d 886 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

Approximately two years later, a hearing on the merits was held in connection with the judgment here appealed from, and a summary judgment granted in favor of defendants, W. H. Appell, Olmos Operating Company, Appell Drilling Company and Texam Corporation; and a take-nothing judgment entered against plaintiff in favor of defendant, Appell Petroleum Corporation, after a trial before the court. This judgment is the subject of this appeal.

Plaintiff asserts that the summary judgment was improperly granted as to the four defendants hereinbefore named because there were disputed issues of fact to be resolved; and also complain that the trial court erred in entering a take-nothing judgment against it in favor of Appell Petroleum Corporation.

■ We will first consider plaintiff's complaints with regard to the summary judgment granted to the four defendants, W. H. Appell, Olmos Operating Company, Appell Drilling Company and Texam Corporation. There is no evidence in the record whatsoever that these defendants were ever issued any insurance policies by plaintiff, nor is there any evidence that such defendants owed plaintiff any money. The only evidence pertaining to these defendants in the record is an affidavit made by W. H. Appell, hereinbefore mentioned, which states that he was president of the companies involved, and that no policies were ever issued to any of these four defendants by plaintiff, and that none of these defendants owe plaintiff any money. The summary judgment as to these four defendants was properly granted by the trial court.

With regard to the appeal on the take-nothing judgment, plaintiff asserts that a letter from Appell Petroleum Corporation to plaintiff dated November 11, 1965, was effective to toll the Statute of Limitations and was also effective to prove and establish its claim against Appell Petroleum Corporation.

Such letter is on the letterhead of Appell Petroleum Corporation addressed to Travlers Insurance Company, and the pertinent portions of such letter are as follows:

"RE: Retro Adjustments
Appell Petroleum Corp.
RUB 622169 – 1–1–63/64
RUB 1789548 – 1–1–64/65

Dear Mr. Caughey:

As we explained to you, we are not in a position to pay the retro adjustment of $29,117.10. At the present time, we are making an all-out effort to get our financial situation arranged so that we can pay off this additional premium. We shall appreciate any cooperation that you can give us in this matter.

Sincerely yours,

APPELL PETROLEUM CORPORATION"

Appellee asserts that plaintiff's claim was barred by the two year Statute of Limitations, Article 5526, Vernon's Tex. Rev.Civ.Stat.Ann.; that such letter was insufficient to toll the Statute of Limitations; that there is no evidence in the record establishing any debt or claim against it; that plaintiff wholly failed to prove up any debt or claim against it.

■ A writing that is signed by the one to be charged is sufficient to remove the bar of limitations if it unequivocally acknowledges the justness of the claim and expresses a willingness to pay it. Article 5539, Tex.Rev.Civ.Stat.Ann.; Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004 (1890); Mullens v. Bailey, 374 S.W.2d 455 (Tex.Civ.App.—Corpus Christi 1964, no writ); Miller v. Thomas, 226 S.W.2d 149 (Tex.Civ.App.—Amarillo 1949, writ ref'd); 37 Tex.Jur.2d, Limitation of Actions, Section 157, et seq. (1962). The writing must contain not only an unqualified admission of a just and subsisting indebtedness but must also express a willingness to pay it. State v. Williamson-Dickie Manufacturing Company, 399 S.W.2d 568 (Tex.Civ.App.—Ft. Worth 1966, writ ref'd n. r. e.); McFadin v. Haggard, 398 S.W.2d 638 (Tex.Civ.App.—San Antonio 1966, no writ); Luck v. Riggs Optical Company, 149 S.W.2d 204 (Tex.Civ.App.—Ft. Worth 1941, no writ).

■ We do not regard the letter here involved as being an unequivocal acknowledgment of the justness of plaintiff's claim or an unqualified promise to pay such claim. At most, it is a promise to pay when able. A promise of a debtor to pay when able is a conditional promise, and in such a case the burden is on the plaintiff, if he relys on such promise, to prove that the debtor is able to pay subsequent to the promise and prior to the suit. Lange v. Carothers, 70 Tex. 718, 8 S.W. 604 (1888); Brickley v. Finley, 143 S.W. 2d 433 (Tex.Civ.App.—El Paso 1940, no

writ); Beeler v. Harbour, 116 S.W.2d 927 (Tex.Civ.App.—Ft. Worth 1938, writ ref'd); 37 Tex.Jur.2d, Limitation of Actions, Sections 169, 170 (1962). Plaintiff introduced no evidence as to defendant Appell Petroleum Corporation's ability to pay and thus wholly failed to prove defendant Appell Petroleum Corporation's ability to pay at any time. The only evidence in this regard is a plain statement in the letter: "We are not in the position to pay the retro adjustment of $29,117.10." Further, Mr. Appell testified at the trial that Appell Petroleum Corporation was no longer in existence at the time of the trial.

■ Moreover, plaintiff failed to prove up in whole or part its debt or claim. Plaintiff's petitions are not sworn to, and this suit can not be regarded as a suit on a sworn account. Rule 185, Texas Rules of Civil Procedure. None of the insurance policies were introduced into evidence. The only testimony with regard to such debt or claim was by Mr. Appell, who testified at the trial that he did not know the basis of the debt, and that he did not know whether it was just or true.

■ This case is before us without any findings of fact or conclusions of law. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex.1968); Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.1962); Douglas v. Taylor, 497 S.W.2d 308 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); Doss v. Blackstock, 466 S.W.2d 59 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.); Rhoades v. Miller, 414 S.W.2d 942 (Tex.Civ.App.—Tyler 1967, no writ).

All of appellant's points of error have been considered, and all are overruled. Under the record, the judgment of the trial court is affirmed.