**PAYNE v. MILLER.**

No. 12082.

Court of Civil Appeals of Texas.
San Antonio.

March 22, 1950.

Rehearing Denied April 19, 1950.

Church & Church, San Antonio, for appellant.

Dilworth & McKay, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Maude L. Miller, a widow, against Thomas O. Payne, seeking to recover the amount of principal, interest and attorney's fees provided for in a certain note dated May 3, 1938, in the principal sum of $2,000.00, payable to the order of Dr. J. B. Miller, bearing interest at the rate of 6% and providing for 10% attorney's fees, signed by the defendant, Thomas O. Payne. The petition further alleged that on August 24, 1948, defendant agreed in writing to pay said note at San Antonio, Texas, in a short while.

The trial was before the court without a jury and resulted in judgment in full, for the amount of principal, interest and attorney's fees due on the note, from which judgment Thomas O. Payne has prosecuted this appeal.

Appellant's first contention is that appellee's petition was insufficient to support the judgment rendered because the cause of action was not based upon the new agreement to pay in August, 1948, but was upon the original note. Appellant had plead the four-year statute of limitations, provided for in Article 5527, Vernon's Ann.Civ. Stats., and unless appellant had in writing acknowledged the justness of the debt and promised to pay the same, the note would clearly be barred by such statute of limitation, Art. 5539, Vernon's Ann.Civ.Stats.

It is clear from the decisions that where a note has become barred by the four-year statute of limitations and the holder of the note is seeking to recover on the theory that the maker of the note has acknowledged the justness of the debt and promised to pay in writing that his cause of action must be based upon the new promise and the old debt serves merely as a consideration for the new promise. Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098; Brickley v. Finley, Tex.Civ.App., 143 S. W.2d 433; Canon v. Stanley, Tex.Civ.App., 100 S.W.2d 377. However, appellant in this case presents no exceptions to appellee's petition because of its failure to rely for recovery upon the new promise, and in view of the provisions of Rules 47 and 90, Texas Rules of Civil Procedure,

appellant is not in a position to now question the sufficiency of appellee's petition. The rule is well stated by the Supreme Court in Hanley v. Oil Capital Broadcasting Association, 141 Tex. 243, 171 S.W.2d 864, 866, as follows: "It seems to be their contention that Hanley's petition cannot be regarded as a suit upon the acknowledgment because he does not allege, in so many words, that he is suing thereon. We see no merit in that contention."

The Court then reviews generally the allegations made by Hanley and states: "We think this was a sufficient notice to the respondents that Hanley intended to rely on the letters as a new promise in order to avoid the operation of the statute and that no further allegation in that regard was necessary. See Howard et al. v. Windom, supra, and the other authorities cited in the last preceding paragraph. We observe that the respondents in no manner excepted to Hanley's petition, hence all intendments will be resolved in his favor. 33 Tex.Jur., pp. 628 and 629, secs. 177 and 178. Moreover, we think any other holding would be contrary to both the letter and the spirit of Rule No. 47, Texas Rules of Civil Procedure." We therefore overrule appellant's first contention.

Appellant next contends that the court erred in concluding as a matter of law that appellant is bound and obligated to pay to appellee the principal amount of said note, together with accrued interest to date, and 10% of attorney's fees, and in rendering judgment for the same. Appellant's basis for this contention is that the letter written by appellant to appellee on August 24, 1948, was not an acknowledgment of the justness of the debt sued on nor a promise to pay it according to the face and tenure of the note.

The record shows that Maude L. Miller was the widow of Dr. J. B. Miller, who died prior to the institution of suit and she thereafter became the independent executor of his will and his sole heir at law. The note was given by appellant to Dr. J. B. Miller on May 3, 1938, and is clearly barred by the four-year statute of limitation, unless the letter which appellant wrote to appellee on August 24, 1948, had the effect to toll the running of the statute of limitation. This letter was written in answer to a letter written by appellee to appellant in which she informed him that she had found the note among the doctor's effects and called upon appellant to pay the same. Appellant stated in his letter, among other things, as follows: "I remember the note for two thousand dollars I gave Doctor. One thousand dollars represents the money Doctor invested with me in some leases in Bee County, and one thousand dollars belongs to Inga (appellee's daughter), who invested in the same leases. I promised them I would protect them against loss, in event the well I drilled was a dry hole. It was dry, so I shall come to San Antonio, in the near future and repay this money."

We are of the opinion that this language was sufficient to acknowledge the justness of the note and to make an unqualified promise to pay it according to its provisions. It is true that appellant does not say he is going to pay interest and attorney's fees, but the statement is sufficient to acknowledge the note as a valid and substantial obligation on his part and an agreement to pay it and, of course, this would include interest and attorney's fees, if it should become necessary to place the note in the hands of an attorney. York v. Hughes, Tex.Com.App., 286 S.W. 165; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Howard & Hume v. Windom, 86 Tex. 560, 26 S.W. 483; Elsby v. Luna, Tex.Com. App., 15 S.W.2d 604.

Appellant undertakes to construe the language, "I shall come to San Antonio in the near future and repay this money," as only a conditional promise to pay, but we cannot agree with this contention. Appellant does not say "if I come to San Antonio" I will pay, but states, "I shall come to San Antonio." The promise to pay is unconditional and the phrase, "I shall come to San Antonio," in no way qualifies the promise to pay.

Appellant also states in his letter as follows: "I have been very fortunate from a monetary viewpoint. Not that I am in possession of a lot of cash at this moment, because my discovery requires pipe lines

and marketing facilities, however, these things will not be long in coming because of the great need for oil."

Appellant also contends that these exceptions qualified the promise to pay and that his promise therefore was not an unequivocal promise to pay. We cannot agree with this contention. This statement in his letter does not in any way limit the agreement to pay the indebtedness. The letter is composed of some five paragraphs and the whole tone of the letter is that he is going to pay this indebtedness and in the very near future.

Accordingly, the judgment of the trial court is affirmed.