John R. SULLIVAN, Appellant,

v.

A. M. BRININSTOOL and M. D. Brininstool, Appellees.

No. 5521.

Court of Civil Appeals of Texas.

El Paso.

June 13, 1962.

Rehearing Denied July 11, 1962.

Warren Burnett, Odessa, Ed Keys, Monahans, for appellant.

Dennison & Naylor, Pecos, for appellees.

CLAYTON, Justice.

Appellant perfects this appeal from an adverse judgment of the District Court of Reeves County, Texas in which two causes of action were consolidated for the purpose of trial.

In the first cause of action, numbered 6239 on the docket of said court, appellees A. M. Brininstool and M. D. Brininstool brought suit against appellant to recover the alleged value of services rendered by them to appellant in connection with the drilling of an oil well in Reeves County. To this cause of action appellant replied by general denial, a plea of partial payment, and counterclaim. The counterclaim, by trial amendment directed to appellee A. M. Brininstool alone, alleged negligence on the part of the latter, breach of contract and damages in the amount of $10,000.00. Before the case went to the jury the court held as a matter of law that the appellee A. M. Brininstool was not an independent contractor, that the relationship of appellant to him was that of master and servant, and that there was no evidence to raise the question of willful or wanton negligence on the part of A. M. Brininstool. No issue was submitted to the jury under the counterclaim plead by appellant.

The second cause of action, bearing number 6240 in said court, was filed by appellee A. M. Brininstool alone against appellant Sullivan, alleging that the latter owed rentals to appellee amounting to $4,550.00 under a lease of a drilling rig belonging to appellee which appellant used in connection with his oil drilling operations; and further, that appellant had converted the rig to his own use, to the additional damage of appellee in the amount of $4,500.00. Appellant answered by general denial, and in the alternative, that he had bought the rig from appellee for $2,500.00, upon which purchase price he owed a balance of less than one thousand dollars.

The consolidated actions were submitted to the jury on special issues. In answer thereto the jury found that A. M. Brininstool had not leased the rig to the appellant, nor had appellant converted the rig to his own use or benefit, but that the latter had entered into an agreement to buy the rig from A. M. Brininstool for $2,500.00. The jury further found that there was no agreement between appellant and the Brininstools that they were not to be paid unless they worked until "bottom hole" was reached. Upon such findings the trial court entered judgment for A. M. Brininstool against appellant in the amount of $1,450.-00, representing the unpaid balance owing on the purchase price of the rig, with interest on such amount from June 27, 1957 The court also awarded amounts to each appellee as unpaid wages for their services to appellant.

Appellant's first three points of error deal with what he terms the court's action in granting "Appellees' Motion for Summary Judgment" in connection with appellant's counterclaim. As has been stated, before any issues were submitted to the jury the trial court ruled as a matter of law that appellee A. M. Brininstool was not an independent contractor in his dealings with the appellant, but was the latter's servant, and that no question of willful or wanton negligence of the said servant was raised by the evidence.

We are of the opinion that appellant's pleading of his counterclaim does not sufficiently set out the proposition that the appellee A. M. Brininstool was an independent contractor. Stated in the most general terms, an independent contractor is defined as follows:

"When service is rendered in the course of an independent occupation,

and the will of the employer is represented only as to the result of the work and not as to the means by which it is carried out or the details involved in its performance, the person rendering the service is an independent contractor. In other words, an independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right of control with respect to his physical conduct in performance of the undertaking. Ordinarily, he undertakes to perform a service with his own instrumentalities according to his own means and methods or a previously agreed plan without being subject to the other's orders or control with respect to the details of the work." (30 Tex.Jur. 2d, Independent Contractors, ¶ 2, p. 475).

No specific allegation that Brininstool was an independent contractor, nor any language from which it could be fairly inferred that his relationship with appellant was that of an independent contractor, is embodied in the pleading. But should it be said that the language in appellant's counterclaim was sufficient to establish an allegation that A. M. Brininstool was an independent contractor, we do not find any testimony of sufficient probative force to warrant the submission of a special issue to the jury on whether the relationship of A. M. Brininstool to the appellant was that of an independent contractor. Without attempting to review the numerous authorities on the subject of such a relationship (see 30 Tex.Jur. 2d, Independent Contractors, I. and II.), suffice it to say that in our opinion the trial court was justified in ruling as a matter of law, from the evidence presented, that A. M. Brininstool was not an independent contractor but was the servant of the appellant.

■ Nor do we consider such ruling on the part of the court to have constituted the granting of a summary judgment. The ruling was made after the appellant had rested his case and while a discussion was being had concerning issues that might be submitted to the jury. A motion, presented orally on behalf of the appellee A. M. Brininstool, was a motion for directed verdict on appellant's counterclaim. The appellant excepted to the court's ruling at the time it was made but at no time, in so far as we have been able to find, did appellant request the submission to the jury of an issue, or issues, on the relationship of the parties; i. e., independent contractor or master and servant. If such an issue or issues should have been submitted, the failure to do so is not a ground for reversal of the judgment, since the submission, in substantially correct wording, was not requested in writing and tendered by the appellant, the same not being issues relied upon by the appellee A. M. Brininstool. Under these circumstances, such issue or issues shall, on appeal, be deemed to have been waived. (Rule 279, Texas Rules of Civil Procedure).

Appellant urges, as being opposed to the "waiver" doctrine above set out, the holding in Dunagan v. Bushey et al., 152 Tex. 630, 263 S.W.2d 148 (S.Ct.1953), which expressly overruled holdings in the case of Tiblier v. Perez, 277 S.W. 189 (San Antonio Civ. App.1925), and Mendlovitz v. Samuels Shoe Co., 5 S.W.2d 559 (San Antonio Civ.App. 1928). The holding in the latter two cases was that where both parties request the court to instruct a verdict at the close of the testimony, it was tantamount to waiving a jury trial and submitting the issues to the court for its determination alone, foreclosing the right to have even independent grounds of recovery or defense submitted to a jury on special issues. The Supreme Court in the Dunagan case, in overruling the holdings as above indicated in the Tiblier and Mendlovitz cases, held that the true rule on the point is stated in the case of Citizens Nat. Bank of Brownwood v. Texas Compress Co., 294 S.W. 331 (Civ.App. 1927). The cited decision contains the following language:

"We are clear in the view that under our practice a party waives no right

by moving for a directed verdict in his favor, and this regardless of whether the opposing party has made a like motion. *When the request or motion is denied, he stands in the same attitude, as regards the further progress of the trial, as if no motion had been made.* (Emphasis supplied).

This rule is approved in other cases cited by the Supreme Court in the Dunagan case. The Citizens National Bank case, furthermore, contains language especially pertinent to the case at hand, and therefore is quoted as follows:

"In a trial by jury on special issues there must be an affirmative finding on every issue necessary to support the judgment. *The power of the judge to make findings where none are submitted or requested does not extend to independent grounds of recovery or defense,* but only to incidental or subsidiary findings necessary to support the judgment in connection with the issues in fact submitted to and found by the jury. *A party may waive an issue upon which he relies for recovery or defense by not requesting its submission.* In such case the issue is treated as abandoned, and goes out of the case. There is no affirmative finding made thereon, and the judge is not given the power to make such affirmative finding, merely because the opposing party, upon whom no duty in that regard rests, has not requested its submission. *The duty to request issues under any circumstances extends only to those respectively which are essential to the cause of action or defense of a party.*" (Emphasis added).

This language, rather than being opposed to the "waiver" doctrine and to the provisions of Rule 279, T.R.C.P., appears to expressly support them.

Appellant's Points One, Two and Three are accordingly overruled.

Appellant's fourth point is directed against that portion of the judgment which allowed interest on the unpaid balance owing on the oil well rig from June 27, 1957, asserting that interest should have been allowed only on such balance from the date the judgment was entered, that is, October 13, 1960.

■ The memorandum of agreement between appellant and A. M. Brininstool, upon which the jury based its finding that the rig had been sold to appellant, reads substantially as follows:

"I, A. M. Brininstool and John R. Sullivan on April 17, 1957, made an agreement on a Super D Fort Worth Spudder. Sullivan to move rig from a ranch 100 miles Northwest of Roswell, New Mexico, to the lease in Reeves County, Texas, for the use of rig on the first well. If he finds oil in said well, Sullivan is to pay A. M. Brininstool $2,500 for rig and nothing for moving rig and tools. A. M. Brininstool."

Appellant concedes in his testimony that the production of oil in the first well on which the rig was used was completed on June 27, 1957. On that date, therefore, under the terms of the agreement between the parties, the purchase price of the rig became a fixed liability of appellant to A. M. Brininstool and was due and payable. The agreement between the parties did not provide for the payment of interest on any unpaid balance of the purchase price, but we feel that the provisions of Article 5070, Vernon's Ann.Civ.St., are applicable, and that, as in this case, "when no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; * * *."

We hold, therefore, in overruling appellant's fourth point of error, that the trial court acted properly in allowing interest at the rate of six per cent per annum on the unpaid amount of the purchase price of the rig, beginning on June 27, 1957. The evi-

dence reflects that the original purchase price of $2,500.00 had been reduced by payments from the appellant to A. M. Brininstool totaling $1,050.00, leaving a balance due and owing of $1,450.00, which was the amount on which the court allowed interest beginning on June 27, 1957. While additional interest may have been owing in accordance with a different method of calculation, we find that the appellee A. M. Brininstool was claiming only the amount as allowed by the court and therefore he was not prejudiced by the court's finding in this respect.

Finding no error in the trial court's judgment it is hereby in all things affirmed.