**Nick McFADIN, Appellant,**

**v.**

**Walter HAGGARD, Appellee.**

**No. 14429.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 12, 1966.

Edward W. Penshorn, San Antonio, for appellant.

Chapin, Narciso & Cameron, San Antonio, for appellee.

BARROW, Justice.

Appellee, Walter Haggard, filed this suit on May 12, 1964, against Jake Elliott, J & N Development Company and appellant, Nick McFadin, to recover for engineering services performed in subdividing a tract of land in Bexar County, Texas, pursuant to an oral agreement made with Elliott early in 1961. After a jury trial,[1] judgment was rendered that Haggard take nothing from Elliott and J & N Development Company, but that he recover the sum of $1,928.29, including attorney's fee of $864.-00, from McFadin.

McFadin has perfected an appeal wherein he asserts that there is no evidence that he is personally liable for this debt and, in any event, same is barred by the two-year statute of limitations. Haggard did not perfect an appeal as to the take-nothing judgment rendered in favor of the other defendants. The primary question presented on this appeal is whether a letter dated September 19, 1962, to Haggard, which is signed by McFadin, is sufficient to bar the statute of limitations and support a judgment against McFadin individually.

On February 15, 1961, Elliott signed an earnest money contract to purchase 81 acres of land located in the eastern part of Bexar County, near the community of China Groves. Elliott planned to subdivide this land into one-half acre tracts and made an oral agreement with Haggard to survey and subdivide it. The City of China Groves would not approve a subdivision of one-half acre tracts, and Elliott was forced to provide for larger tracts. He needed financial help for this type subdivision and contacted McFadin for the purpose of borrowing the necessary funds. McFadin refused to make a loan, but offered to form a corporation with Elliott to develop the property and to lend the necessary money to the corporation. This was agreed upon and the corporation formed, with Elliott and McFadin each owning half of the stock, and the land was purchased in the name of the corporation. In the middle of 1963, McFadin acquired all the stock of the corporation.

All of McFadin's actions in this matter were taken through the corporation. There were no pleadings seeking to pierce the corporate veil; to the contrary, it was stipulated that the corporation is a legal and bona fide corporation which was incorporated on April 26, 1961. Monthly bills were submitted by Haggard and they went to Elliott individually until June 30, 1961, and thereafter they were addressed to Elliott and the corporation. On July 31, 1963, Haggard, for the first time, sent a bill addressed to McFadin and the corporation.

Under the uncontradicted evidence, the last services performed by Haggard under this contract with Elliott were on January 30, 1962. This was more than two years before the suit was filed on this oral contract, and therefore same is barred by limitations under Art. 5526, § 4, Vernon's Ann.Civ.St. Haggard urges, however, that

---

1. The jury found that:
   1. The services rendered by Haggard were in substantial compliance with his oral agreement with Elliott.

2. The reasonable value of the services rendered by Haggard under his agreement with Elliott was $1,841.79.
3. A reasonable attorney's fee is $864.00.

the suit was brought within two years from McFadin's letter of September 19, 1962, and limitations do not bar the claim against McFadin.

■ Art. 5539, Vernon's Ann.Civ.St., provides in effect that when an action may appear to be barred by a law of limitation, a written acknowledgment of the justness of the claim by the party seeking to be charged thereby shall be admitted in evidence to take the case out of the operation of the law. Under settled law, the writing must acknowledge the justness of the claim and express a willingness to pay same. See Hanley v. Oil Capital Broadcasting Ass'n., 141 Tex. 243, 171 S.W.2d 864 (Tex. 1943); Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159 (Tex.1911); Payne v. Miller, Tex.Civ.App., 229 S.W.2d 857, wr. ref.; 37 Tex.Jur.2d, Limitation of Action, §§ 159–162.

All of Haggard's dealings were with Elliott until September, 1962. Around the middle of that month Haggard first met McFadin at a joint conference with Elliott relative to correcting field notes on a deed given to a tract of land in the subdivision. After this conference a letter, dated September 19, 1962, was written to Haggard on unlettered stationery as follows:

"As agreed you will find enclosed herewith our check in the amount of $100.00 to be applied on the account of J & N Development Corp. Another check in the like amount will be forthcoming in October.

Very truly yours,

/s/ Nick McFadin"

Accompanying this letter was a check in the amount of $100.00, signed by Elliott and McFadin and drawn upon the corporation account. Another $100.00 check on this account was sent Haggard in October, 1962.

■ The sufficiency of the letter to bind McFadin on the barred debt is a question of law. Friedman v. Worthy Fabrics, Tex.Civ.App., 347 S.W.2d 639, no writ history. It is our opinion that it is not sufficient. The letter does not acknowledge the justness of Haggard's claim which was in dispute at this time. All that it agrees to pay is $200.00, which was paid as promised in the letter. The most significant defect, however, is that there is no agreement whatsoever upon the part of McFadin individually. The letter refers to the corporation account and a corporation check was enclosed. Up to this time the debt was that of Elliott and the corporation, and no consideration is shown for McFadin to have individually assumed the debt.

The trial court erred in not granting McFadin's motion for instructed verdict and for judgment non obstante veredicto. The judgment is reversed and here rendered that Haggard take nothing by his suit against McFadin.