**APPELL PETROLEUM CORPORATION,**
Appellant,

v.

**MOREMAN TIRE COMPANY, Inc., Appellee.**

**No. 4167.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 16, 1967.

Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr., Alice, for appellant.

Fischer, Wood, Burney & Nesbitt, Jerry E. Fischer, Corpus Christi, for appellee.

GRISSOM, Chief Justice.

Moreman Tire Company, Inc., sued Appell Petroleum Corporation upon a debt for merchandise sold and delivered to it on open account and for attorneys' fees. The suit was originally based on a verified account. The defendant pleaded the two year statute of limitation. Thereupon, by amended petition, Moreman pleaded that Appell had in writing acknowledged the justness of said account and promised to pay it in a letter from appellant to appellee, contending that such letter removed the debt from the operation of said statute. In a trial to the court, judgment was rendered for Moreman against Appell for the full amount of the debt, $642.86, plus $350.00 attorneys' fees. Appell Petroleum Corporation has appealed.

Appellant's first 7 points assert the court erred in rendering judgment for Moreman for the full amount of its account because the letter relied upon did not constitute a written acknowledgment of the debt and a promise to pay same executed by or on behalf of the defendant and there was no evidence to sustain a finding that it did. Appellant says the court erred in rendering judgment for any amount in excess of $67.-26, the last purchase in said account, because said letter did not remove said debt from the bar of the two year statute of limitation and, as a matter of law, all but said last item was barred by said two year statute.

As to the judgment for the full amount of said account, it was agreed upon the trial that, if said letter did not operate to remove the account from operation of the statute, all of it except the $67.26 item was barred by the two year statute. It was also agreed that, if said letter did operate to take said debt out of the statute, the account was true and correct and there was no defense to it.

On September 18, 1964, Appell Petroleum Corporation wrote Moreman Tire Company as follows:

"MOREMAN'S TIRE COMPANY,
p.o. Box 285,
Corpus Christi, Texas

    *ATTN: Accounting Department*
Gentlemen:

With the oil business in its current slump, our company has gotten behind on its accounts payable including the monies due to you. This we certainly regret as

we have always paid our accounts in the past.

At the present time, we also have a large amount of accounts receivable and certainly appreciate your position. We do expect, however, to receive payment on a number of these accounts within the next 60 days, and these monies are to be dedicated toward the payment of our accounts payable.

In addition, we are currently in the process of obtaining some additional long term financing and the additional monies obtained from this sum will also be dedicated to your account.

Would you please give us at least another 60 days before taking any action on your account to complete this program of payment on your account.

We do thank you for your many kindnesses in the past and appreciate this courtesy from you at this time.

Sincerely yours,
APPELL PETROLEUM
CORPORATION
R. E. Ramee"

Said letter was attached to Moreman's amended petition two years before the trial. Moreman alleged therein that:

"By that certain letter dated September 18, 1964 executed and delivered on behalf of defendant, a copy of which letter is set forth in Exhibit 'B' attached hereto and made a part hereof, Defendant acknowledged that its said debt owing to Plaintiff on account was, and is, just, and indicated Defendant's willingness to pay the same and the same removed the said debt from the operation of the two year Statute of Limitation, herein plead by defendant."

■ The pleadings were sufficient to support the judgment for the full amount of the account. The plaintiff expressly alleged said facts and that the letter removed the debt from the two year statute. The plead-ing was sufficient to apprise appellant of the basis of the recovery sought by appellee. Hanley v. Oll Capital Broadcasting Ass'n., 141 Tex. 243, 171 S.W.2d 864, 866; Article 5539. Appellant did not point out by motion or exception before rendition of the judgment any defects in the pleadings. Under said decision and Texas Rules of Civil Procedure, rule 90, any defect therein was waived.

■ We think the letter was properly admitted in evidence as proof of execution and delivery by appellant of a written acknowledgment of such debt and a new promise to pay it. Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W.2d 224, 228; Tex.R.C.P. 93(h). The court did not err in rendering judgment for Moreman for the full amount of its account. It was stipulated that the debt shown by said account was just and correct; that Appell was indebted to Moreman in the amount of $642.86 on September 18, 1964, the date of said letter, and that the only question with reference to said account that was left to be determined by the trial court was whether said letter operated to remove the account from operation of the two year statute of limitation. The letter shows that Appell Petroleum Corporation was aware that it was indebted to appellee for the amount of said account. There was but one debt, the one sued upon. We think the court correctly found that the letter referred to that debt and operated to remove it from the force of said statute. Art. 5539 provides that an acknowledgment of the justness of a claim, made after it became due, is admissible to take the case out of operation of the statute of limitation when such acknowledgment is in writing and signed by the party to be charged thereby or in its behalf. In Friedman v. Worthy Fabrics, Tex.Civ.App., 347 S.W.2d 639, there was a comparable letter acknowledging justness of the debt and containing an implied promise to pay it. It was held that such a letter acknowledging the debt to be just and impliedly promising to pay it, had the effect of removing the debt from the effect of the statute.

Appellant also contends the judgment for $350.00 attorneys' fees is, under all the facts and circumstances of this case, excessive. It is a large fee for the debt recovered, but there was detailed testimony as to the time and effort spent by eminent counsel in representing the plaintiff and, after consideration of the entire record, we conclude that it has not been shown to be excessive.

All of appellant's points have been considered. Reversible error is not shown. The judgment is affirmed.