Roberta RICHARDSON, Appellant,

v.

Dorothy Compere RICHARDSON, Independent Executrix, Appellee.

No. 4383.

Court of Civil Appeals of Texas,
Eastland.

Aug. 7, 1970.

Rehearing Denied Sept. 11, 1970.

Roy M. Dies, Jr., Jennings, Montgomery & Dies, Graham, for appellant.

Tom Gordon, Brooks, Jones & Gordon, Abilene, for appellee.

GRISSOM, Chief Justice.

Roberta Richardson sued Dorothy Compere Richardson, Independent Executrix of the Estate of John T. Richardson, deceased, to enforce a letter agreement by John T. Richardson to pay $9,000.00 of his debt to his brother, Curtis Richardson, upon his death, by leaving a will providing for payment thereof. The facts are essentially as found by the court in its "additional" findings that, in 1948, John T. Richardson had criminal and civil cases pending against him in Colorado; that he induced Curtis to loan him money for bail bonds, and the like; that, in 1948, on account of the money just loaned to him by Curtis, John executed one note for $9,180 and another for $1,500, payable in 10 days and bearing six percent interest. In February, 1952, John, being then unable to pay the notes, wrote Curtis the letter upon which this suit is based. We think it is immaterial, but the letter was written and delivered to Curtis before said notes were barred by limitations. Under the established law of Texas said letter constitutes a valid, enforceable contract to pay Curtis, or his estate, at least, $9,000 of said debt. Curtis died in November, 1956, leaving a will which made that debt the property of plaintiff, Roberta Richardson. John T. Richardson died on December 25, 1967, leaving a will, which has been probated, in which the defendant, Dorothy Compere Richardson, was appointed Independent Executrix. She has qualified and is acting as such. John did not at his death leave a will providing for payment of $9,000 of said debt, or any part thereof, to Curtis, or his estate, as he had impliedly promised to do in the letter of February 27, 1952.

$9,000 of the money loaned by Curtis to John was used to obtain two appearance bonds. Curtis also paid $180.00 of the expenses incurred in obtaining said bonds and he loaned John an additional $1,500. Briefly stated, such was the background for execution by John to Curtis of notes for $9,180 and $1,500, and the later writing of said letter.

The evidence shows and the court found that upon receipt by Curtis of John's letter, Curtis placed it in his safe in his home with said two notes and they remained

there, in the envelope in which the letter came, until Curtis died.

Roberta Richardson filed a motion for summary judgment which was overruled. She attached said notes, the letter and envelope, Curtis' checks to John for the amounts of the loans above mentioned, the affidavit of John's lawyer, which showed the transaction, certified copies of the wills of both and of the judgments admitting them to probate. John's letter of February 27, 1952, omitting immaterial parts, is as follows:

"So sorry I forgot to tell you the other nite when we were visiting with you, THAT I have taken care of you in the FUTURE on the NINE THOUSAND that i Owe you, I was in cow town a few days ago and made a WILL which is now in my STRONG BOX here in Abilene FIRST STATE BANK, Which will cover you and your ESTATE in the future, I feel that this is nothing but right, I know you have told me time and agin that i dont owe you any thing, but that dont satisfy ME. SO keep this letter as a RECEIPT that I do owe you the above,

OF COURSE if we do win this LAW SUIT as of the above in the SUPREME COURT AT DENVER, then as i have stated the above will be NULL AND VOID,

YOURS VERY TRULY,
JOHN T. RICHARDSON"

He did not win said law suit in the Supreme Court at Denver.

The defendant's answer to plaintiff's motion for a summary judgment presented the contentions that (1) plaintiff's cause of action was on said notes and, therefore, barred by limitation and (2) that plaintiff's pleadings presented a question of fact, because plaintiff, "in attempting to breathe life into the barred notes", limited the amount deceased promised to pay to $9,000, without any provision for interest or attorney's fees, from which defendant conclud-

ed questions of fact were presented which had been decided in defendant's favor. As stated, plaintiff's motion was overruled and in a trial by the court, judgment was rendered for the defendant. The plaintiff has appealed.

Appellant's points are that the court erred in holding: (1) there was no consideration for John's promise in his letter of February, 1952, to provide in his will for payment of, at least, $9,000 of John's debt to Curtis; (2) that Curtis had discharged John from his obligation; (3) that there was no meeting of the minds on the subject matter or terms of John's promise to pay; (4) that John's offer to so pay was not accepted by Curtis; (5) that the evidence was insufficient to support a judgment for plaintiff and that (6) the court erred in not rendering judgment for plaintiff for, at least, $9,000, with legal interest. We sustain appellant's points. A careful study of the record compels the conclusion that judgment should have been rendered for the plaintiff for $9,000 and interest.

The suit was not upon the barred notes, but upon the acknowledgment of a debt of at least, $9,000, and an implied promise to pay, which was contained in said letter. In Hanley v. Oil Capital Broadcasting Association, 141 Tex. 243, 171 S.W.2d 864, 865, based on a letter which did not so plainly acknowledge the debt, our Supreme Court held there was a sufficient acknowledgment to take the case out of the statute of frauds and that the reason for that statute no longer existed when a defendant acknowledged in writing the justness of a debt. It said that

"—if the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay."

In Elsby v. Luna (Tex.Com.App.), 15 S.W.2d 604, 605, it was held that a promise to pay need not be expressed in the writing

but would be implied, that "an unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same will raise the implication of a new promise to pay the indebtedness." In Trautmann Brothers Investment Corp. v. Del Mar Conservation District, Tex.Civ. App., 440 S.W.2d 314, 316 (Ref. n. r. e.), it was held that a new promise to pay a debt, whether made before or after the original debt was barred by limitations, was effective to prevent the statute of limitations from barring the debt. It was there held that a written notation by the debtor on a check to his creditor that it was for part payment of his identified note, constituted an acknowledgment of the justness of the debt and a new promise to pay it. It was there stated that our Supreme Court had settled the rules that (1) " 'an unqualified acknowledgment of an existing debt implies a promise to pay it' " and that (2) "From such a clear written acknowledgment that the debt is subsisting (absent evidence of intent to repudiate it) will be implied the promise to pay, notwithstanding there is no express promise." In Appell Petroleum Corp. v. Moreman Tire Company, Tex.Civ.App., 416 S.W.2d 470 (Ref. n. r. e.), we held that a letter signed by a debtor in which he acknowledged he was indebted to a creditor to whom he was writing for the amount of an account constituted an acknowledgment of the debt and a new promise to pay it.

We hold that the plaintiff was entitled as a matter of law, to recover $9,000, the specific amount of the debt acknowledged in said letter, plus 6% interest thereon from the date of the death of John T. Richardson, December 25, 1967, when he breached his agreement by dying without leaving a will providing for payment of $9,000 to Curtis, or his estate, as he impliedly promised to do in said letter. Article 5070; Sullivan v. Brininstool, Tex.Civ. App., 358 S.W.2d 898, 901 (Ref. n. r. e.); Wilson v. Woolf, 274 S.W.2d 154, 160 (Ref. n. r. e.); City and County of Dallas

Levee Improvement District v. Halsey, Stuart & Company, Tex.Civ.App., 202 S. W.2d 957, 961; 33 Tex.Jur. 82.

The judgment is reversed and judgment is rendered for appellant for $9,000, plus 6% interest from December 25, 1967, towit, $10,414.50.