**MMP, LTD., a Texas Limited
Partnership, Appellant,**

v.

**Robert C. JONES, Individually and
d/b/a Frank Jones Insurance
Agency, Inc., Appellee.**

No. 04–83–00524–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 1985.

Rehearing Denied July 26, 1985.

Thomas H. Crofts, Jr., Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for appellant.

Tom Stolhandske, San Antonio, Charles E. Jones, Jr., Austin, for appellee.

Before CANTU, TIJERINA, and DIAL, JJ.

TIJERINA, Justice.

This is an appeal from a summary judgment in a suit on sworn account for unpaid insurance premiums. The summary judgment proof included two letters which the trial court interpreted as an acknowledgment of the debt at issue that would otherwise have been barred by the statute of limitations.

Appellant initially transacted business as a limited partnership consisting of several limited partners and the MMP Corporation d/b/a Downtown Motor Inn as a general partner. The original certificate was cancelled but the partnership continued doing business with the owners as general partners. The insurance policies issued by appellee provided coverage for the Downtown Motor Inn; MMP, Ltd. and MMP Corporation were listed as the insured. M.N. Murray, one of the limited partners, signed the certificate for the formation of the partnership as president of MMP Corporation, the general partner. Murray sent a letter to appellee wherein some of the general partners agreed to pay all of the insurance expenses of the Downtown Motor Inn. Appellee continued providing insurance coverage for the Downtown Motor Inn until April 14, 1978, when appellant became delinquent in the payment of the insurance premiums. The second letter was from W. Ernest Norcross and was mailed to appellee July 10, 1978; it stated that MMP Corporation would "make every effort" to start making payments of $1,000.00 per month. There were no payments made; appellee filed suit on July 15, 1982.

Appellant asserts that the trial court erred in granting appellee's motion for summary judgment because: (1) there was no conclusive proof that the open account was not barred by limitations; (2) appellee failed to prove that appellant was liable on the account; and (3) appellee was not entitled to summary judgment as a matter of law.

TEX.REV.CIV.STAT.ANN. art. 5539 (Vernon 1958) provides:

> When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby.

Thus, in order for a written instrument to be sufficient to take a debt otherwise barred out of the operation of the statute of limitations, it must acknowledge the justness of the debt and express a willingness to pay. Where the debt is clearly acknowledged, however, the *promise to pay is implied*. *See Appell Petroleum Corp. v. Moreman Tire Co.*, 416 S.W.2d 470 (Tex.Civ.App.—Eastland 1967, no writ). The court in *Appell, supra,* stated: "There

was but one debt, the one sued upon. The letter referred to that debt and removed it from the force of [the limitations] statute." The sufficiency of the letter to bind appellant on the barred debt is a question of law. *McFadin v. Haggard,* 398 S.W.2d 638, 640 (Tex.Civ.App.—San Antonio 1966, no writ); *Martindale Mortgage Co. v. Crow,* 161 S.W.2d 866, 870 (Tex.Civ.App.—El Paso 1941, writ ref'd w.o.m.). The letter from Murray to appellant stated "all monies needed to meet expenses for the operation of the McAllen Downtown Motor Inn would be shared equally." The letter from Norcross to appellant's attorney was more specific. It acknowledged the existence of the particular debt at issue owed by MMP Corporation to Frank Jones Insurance Agency and made a new promise to "make every effort" to commence making $1,000.00 per month installments, beginning with the month of October. *The letter neither disputed the debt nor questioned its correctness.*

The record indicates that MMP, Ltd. was certified for the purpose of owning, developing and operating hotel and apartment facilities, with its principal place of business at 1302 South 9th Street, McAllen, Texas. The partnership consisted of several limited partners and the MMP Corporation as a general partner. M.N. Murray executed the partnership agreement both as a limited partner and as president of MMP Corporation, the general partner. On January 10, 1973, the limited partners and the general partner executed an instrument cancelling the limited partnership; however, the partnership continued by agreement as a general partnership. The insurance policy endorsement shows the insured as MMP Corporation and/or MMP, Ltd., and the location of the premises insured included 1304 to 1314 9th Street in McAllen, Texas. It appears that appellant and MMP Corporation were jointly doing business as general partners. In *Delaney v. Fidelity Lease, Ltd.,* 526 S.W.2d 543, 545 (Tex.1975), a case involving limited partners and a corporation managing the business as the general partner, the supreme court, quoting from the dissenting opinion below, stated:

> I find it difficult to separate their acts for they were at all times in the dual capacity of limited partners and officers of the corporation. Apparently the corporation had no function except to operate the limited partnership and Appellees were obligated to their other partners to so operate the corporation as to benefit the partnership. Each act was done then, not for the corporation, but for the partnership. Indirectly, if not directly, they were exercising control over the partnership. Truly 'the corporation fiction' was in this instance a fiction.

■■■ A limited partnership consists of general partners who conduct the business and are personally liable to creditors and limited partners who do not participate in management and whose liability is limited to the amount of their contribution. *Delaney v. Fidelity Lease, Ltd.,* 526 S.W. 543, 545 (Tex.1975); *see also* Texas Uniform Limited Partnership Act, TEX.REV.CIV. STAT.ANN. art. 6132a, §§ 8, 13 (Vernon 1970 & Vernon Supp.1985). A contract made for the firm's benefit is binding on the partnership even though executed in the name of one partner only. *Boyd v. Leasing Associates, Inc.,* 516 S.W.2d 485, 489 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Every partner is an agent of the partnership and his actions bind the partnership. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 758 (Tex.1976); *Grimm v. Rizk,* 640 S.W.2d 711, 716 (Tex.Civ.App.—Houston [14th Dist.] 1982, *cert. denied,* — U.S. ——, 104 S.Ct. 714, 79 L.Ed.2d 177 (1984); TEX.REV.CIV.STAT.ANN. art. 6132b, § 9(1) (Vernon 1970).

The record clearly shows that appellant has not disputed that Norcross was the president of MMP Corporation at the time of the second letter or that MMP Corporation represented appellants in all matters pertaining to the Downtown Motor Inn.

Appellee's summary judgment proof shows that Murray, acting as president of MMP Corporation, made representations that MMP Corporation was the general partner for MMP, Ltd. and that he represented MMP, Ltd. in all matters concerning the Downtown Motor Inn. This is supported by the fact that the certificate of formation of the limited partnership shows on its face the signature of Murray as president of MMP Corporation, the general partner. Appellant's second amended answer contains an affidavit from Murray, wherein he concedes that MMP Corporation and MMP, Ltd. had joint business relationships. We cannot ignore the fact that subsequent to the Murray letter in 1974, appellant received the use and benefit of the insurance coverage for a period of four years without protest.

■ Appellant argues that MMP Corporation had not been a partner of MMP, Ltd. since 1974. The record fails to show notice to appellee that MMP Corporation or its agents would no longer represent appellant in matters concerning the Downtown Motor Inn. A partnership on dissolution generally continues as to third persons doing business with the partnership until notice of dissolution is given. *Boyd v. Leasing Associates, Inc.*, 516 S.W.2d 485, 488 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *see also* TEX.REV.CIV.STAT.ANN. art. 6132b, § 35(1)(b)(I) (Vernon 1970).

■ Under TEX.R.CIV.P. 166–A, the movant must establish his entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). In this case, the summary judgment proof established as a matter of law that the Murray and Norcross letters were sufficient to bind appellant on the barred debt. All three points of error are overruled.

The judgment of the trial court is affirmed.