

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00606-CV

**MICHAEL SHALIT d/b/a KIMBERLY INVESTMENT COMPANY**, Lynzara-Austin Real Estate Management, LLC, as General Partner of Kendall County Development Company, L.P., and as General Partner of Tapatio Springs Real Estate Holdings, L.P., Robyn Real Estate Investments, L.P., Robyn Utility Investments, L.P., and Robyn Utility Investments Management, LLC,
Appellants

v.

**TAPATIO SPRINGS REAL ESTATE HOLDINGS, L.P.**, Kendall County Development Company, L.P., Kendall County Utility Company, Inc., Tapatio Springs Utility Holdings, L.P., and Tapatio Springs Hospitality Holdings, L.P.,
Appellees

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 12-298B
Honorable Kirsten Cohoon, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: December 17, 2025

AFFIRMED

On July 9, 2025, we issued a memorandum opinion affirming the trial court's judgment.

Appellants then filed a motion for rehearing. We deny the motion for rehearing. However, to

clarify our disposition and judgment, we withdraw our memorandum opinion and judgment and substitute this memorandum opinion and judgment in their place.

Appellants Michael Shalit d/b/a Kimberly Investment Company, Lynzara-Austin Real Estate Management, LLC, as General Partner of Kendall County Development Company, L.P., and as General Partner of Tapatio Springs Real Estate Holdings, L.P., Robyn Real Estate Investments L.P., and Robyn Utility Investments, L.P., and Robyn Utility Investments Management, LLC (collectively "the Shalit Entities"), appeal from a summary judgment granted in favor of Tapatio Springs Real Estate Holdings, L.P., Kendall County Development Company, L.P., Kendall County Utility Company, Inc., Tapatio Springs Utility Holdings, L.P., and Tapatio Springs Hospitality Holdings, L.P. (collectively the "Tapatio Entities"). In four issues, the Shalit Entities complain that the trial court erred in granting the Tapatio Entities' motion for traditional summary judgment on limitations grounds and severance. We affirm.

## I. BACKGROUND[1]

Shalit and John and John J. Parker (collectively "the Parkers") were business partners in a real estate venture, but their relationship soured. On June 11, 2012, the Parkers sued Shalit, alleging mismanagement on his part and asserting claims for breach of fiduciary duty, breach of contract, and statutory fraud. The Parkers requested that a receiver be appointed over the Tapatio Entities, and the trial court granted the Parkers' request. On January 31, 2022, the Shalit Entities counter-claimed against the Tapatio Entities, asserting claims for fraud, money had and received,

---

[1] The facts are well-known to the parties, and we will not recite them in detail. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), 47.4 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.").

conspiracy, aiding and abetting, principal–agent liability, breach of contract, and promissory estoppel. The Shalit Entities also sought declaratory relief.

The Tapatio Entities filed a motion for traditional summary judgment, arguing that all of the Shalit Entities claims and requests for declaratory relief were barred by the four-year statute of limitations. In support of their motion, the Tapatio Entities attached four loan documents that total $7,300,000. The Tapatio Entities also sought a conditional severance. The Shalit Entities responded by arguing that the Tapatio Entities acknowledged the debt, thereby precluding the running of limitations. After considering the Tapatio Entities' motion for summary judgment, the Shalit Entities' response, and the Tapatio Entities' reply, the trial court granted summary judgment. In the same order, the trial court severed the Shalit Entities' claims and requests for declaratory relief. The Shalit Entities timely appealed.

## II. DISCUSSION

### A.    Standard of Review

The movant for traditional summary judgment bears the burden of demonstrating that (1) no genuine issue of material fact exists, and (2) it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to respond to the motion and present any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *see also Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). We must affirm a summary judgment if any of the grounds asserted in the motion are meritorious. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

"[T]o obtain traditional summary judgment on a limitations defense, the defendant must conclusively prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter — i.e., that 'the statute of limitations has run.'" *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021) (quoting *Knott*, 128 S.W.3d at 220).

**B.      Acknowledgement**

In this case, the Shalit Entities do not dispute that the statute of limitations ran on all of their claims. Nevertheless, in the Shalit Entities first issue, they contend that summary judgment was improper because the Tapatio Entities acknowledged the loans that formed the basis of their claims.

"An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged." TEX. CIV. PRAC. & REM. CODE ANN. § 16.065. "Texas courts have consistently interpreted this statute to require that an agreement: 1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002) (per curiam) (citations omitted). The Texas Supreme Court has held:

> A pleading of acknowledgment must be made "upon the new promise" and "must declare upon it as [the] cause of action, in order to avoid respondents' plea of limitation." "The correct practice is either (1) to quote the writing alleged to constitute the new promise, or (2) to attach it to the pleading as an exhibit."

*DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 834-35 (Tex. 2018) (quoting *Hanley v. Oil Capital Broad. Ass'n*, 141 Tex. 243, 246, 171 S.W.2d 864, 866 (1943)). Under these rules, "[a] suit on a debt is separate from a suit on a later written acknowledgment of the debt, and the latter is not barred by limitations merely because the former is." *Id*. at 834.

In support of their first issue, the Shalit Entities reference a forensic auditor's report to the receiver of the Tapatio Entities that provides, "[b]eyond his initial investment of $3,000,000, our review shows Mr. Shalit loaned KCDC an additional $6,010,910 with accrued interest due of $3,497,541 per the balance sheet on the tax return as of December 31, 2021." The auditor's report further provides that, as of June 30, 2023, a note payable to Shalit from "KIC" amounted to $11,391,722 in combined principal and interest.

The Tapatio Entities respond by arguing that the Shalit Entities failed to plead acknowledgment. The Tapatio Entities emphasize a passage from *Stine*, wherein the Texas Supreme Court held that "[i]f an agreement meets these acknowledgment requirements, a party may sue for breach of *that* agreement." *Stine,* 80 S.W.3d at 592 (emphasis added). They argue that the Shalit Entities' live pleading contained neither an allegation of acknowledgement nor a suit on any debt arising out of a "new agreement." The Tapatio Entities reference our opinion in *Payne v. Miller*, 229 S.W.2d 857 (Tex. App.—San Antonio 1950, writ ref'd), wherein we noted that:

> It is clear from the decisions that where a note has become barred by the four-year statute of limitations and the holder of the note is seeking to recover on the theory that the maker of the note has acknowledged the justness of the debt and promised to pay in writing that his cause of action must be based upon the *new promise* and the old debt serves merely as a consideration for the new promise.

*Id*. at 857 (emphasis added).

The Shalit Entities direct us to no portion of their pleading wherein they asserted a claim premised on the passages from the auditor's report. Moreover, in the trial court, the Tapatio Entities filed a summary judgment reply that referenced the Shalit Entities' live pleading and advised the trial court that "Shalit has not sued the Receivership Entities on any debt arising out of a 'new agreement.'" This was sufficient to relieve the Tapatio Entities of disproving the Shalit

Entities' unpled acknowledgment claim to be entitled to summary judgment. *See Manning v. Flores*, No. 03-24-00095-CV, 2025 WL 1409719, at \*6 (Tex. App.—Austin May 15, 2025, no pet.) (mem. op.) (holding that a reply filed by a summary judgment movant that argued the non-movant had not raised an allegation of fraudulent inducement in any live pleading constituted an objection and that the movant was not required to disprove fraudulent inducement to be entitled to summary judgment); *see also RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("[Trial by consent] is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation"). Accordingly, the trial court did not err in granting the Tapatio Entities a summary judgment on limitations grounds. *See Stine*, 80 S.W.3d at 592; *Payne*, 229 S.W.2d at 857. We overrule the Shalit Entities' first issue.[2]

## C.       Special Exceptions & Summary Judgment

In the Shalit Entities' second issue, they argue that the trial court erred in granting summary judgment because the Tapatio Entities "acknowledge that [the Shalit Entities] did not specifically plead the facts supporting [the claims subject to a limitations defense] and [the Tapatio Entities]

---

[2] On rehearing, the Shalit Entities argue that the Tapatio Entities "filed no reply to appellants' summary judgment response." The Tapatio Entities attached their summary judgment reply to their rehearing response. In the Shalit Entities' rehearing reply, they acknowledge the Tapatio Entities' summary judgment reply and its contention that acknowledgment was not pleaded. Nevertheless, the Shalit Entities argue it was not included in the documents that the trial court ordered the trial court clerk to transfer into the severed cause number. We are therefore, according to the Shalit Entities, prohibited from considering the Tapatio Entities' summary judgment reply.

Our disposition would be the same even if the Shalit Entities had not acknowledged the Tapatio Entities' summary judgment reply. The Shalit Entities fail to appreciate that the summary judgment order expressly states the trial court considered the Tapatio Entities' summary judgment reply. Moreover, even on rehearing, the Shalit Entities fail to reference any portion of their pleading that asserts an acknowledgment claim. Under these circumstances, we must presume that any "omitted" reply supports the summary judgment. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004) (per curiam) ("If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment."); *see also McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at \*3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) ("The appellate record also does not contain the summary judgment motions or evidence so we must presume that the omitted documents supported the trial court's summary judgment rulings.").

attached no evidence establishing what those facts were or when they occurred." They further argue that "[b]ecause [the Tapatio Entities] filed no special exceptions and conducted no discovery to determine the alleged facts supporting" the claims that they asserted, the Tapatio Entities "could not establish or rule out when the limitations period accrued as a matter of law." The Shalit Entities reference *In re B.I.V.*, 870 S.W.2d 12, 13 (Tex. 1994) (per curiam), for its holding that "[a] summary judgment should not be based on a pleading deficiency that could be cured by amendment."

The Tapatio Entities characterize the Shalit Entities' pleadings as "vague and confusing" and argue that their "apparent position is that a party may avoid summary judgment by asserting factually unsupported causes of action through years of supplemental and amended pleadings." They reference the holding in *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 828 (Tex. 2022) (per curiam), that "judicial admissions in an opposing party's pleadings may be used as evidence to support a summary-judgment motion."

In *In re B.I.V.*, 870 S.W.2d at 13, the Texas Supreme Court cited *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983), with approval and with the parenthetical: "holding that whether pleadings fail to state a cause of action may not be resolved by summary judgment[.]" The Tapatio Entities sought summary judgment on limitations — not failure to state a claim — grounds. Accordingly, the Shalit Entities' insistence that special exceptions were a prerequisite to the Tapatio Entities' motion for summary judgment fails. Moreover, the Shalit Entities direct us to no evidence that would raise a fact issue as to limitations. *See City of Houston*, 589 S.W.2d at 678-79 (providing that if the movant produces evidence entitling it to summary judgment, then the burden shifts to the nonmovant to respond to the motion and present any issues that would preclude summary judgment). We overrule the Shalit Entities' second issue.

**D.    Breadth of the Receivership Entities' Motion**

In the Shalit Entities' third issue, they emphasize that their declaratory judgment action requested seven discrete declarations but that the Tapatio Entities' motion did not address three of them.  The Tapatio Entities respond by arguing that their motion sought summary judgment on limitations grounds on all of the claims underlying the Shalit Entities' requests for declaratory relief.  As support, they reference our memorandum opinion in *Valero Development Corporation v. City of Laredo*, wherein we held that "[b]ecause a declaratory judgment action is a procedural device used to determine substantive rights, the legal remedy underlying the cause of action sued upon determines the applicable limitations period."  No. 04-21-00226-CV, 2022 WL 17332601, at *3 (Tex. App.—San Antonio Nov. 30, 2022, pet. denied) (mem. op.).  The Shalit Entities direct us to no legal remedy underlying the allegedly unaddressed three discrete declarations that escape the summary judgment on limitations granted to the Tapatio Entities.  *See id*.  We overrule the Shalit Entities' third issue.

**E.    Severance**

In the Shalit Entities' fourth issue, they argue that "[b]ecause the trial court erred in granting summary judgment against [their] claims, it also erred by severing those claims."  We construe this as a conditional issue that we need not address.  *See In re Marriage of Harrison*, 310 S.W.3d 209, 210 (Tex. App.—Amarillo 2010, pet. denied) ("The fourth issue is a conditional issue which, because of our resolution of the other issues, we need not address.").

### III. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice